**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| YURY REMEDIO | * | CIVIL ACTION NO. 6:21-cv-3527 |
| | * | |
| | * | |
| VERSUS | * | DISTRICT JUDGE SUMMERHAYS |
| | * | |
| | * | |
| NOBLE DRILLING (U.S.) LLC ET. AL. | * | MAGISTRATE JUDGE WHITEHURST |

**SHELL OIL COMPANY AND SHELL OFFSHORE INC.'S**
**ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES**

NOW COME defendants, Shell Oil Company and Shell Offshore Inc. (hereafter collectively referred to as "the Shell entities"), and, for answer to the Petition for Damages ("Petition") of Plaintiff, Yury Remedio, aver as follows:

**First Defense**

The Petition fails to state a claim or cause of action against the Shell entities upon which relief may be granted.

**Second Defense**

AND NOW, answering the specific allegations of the Petition, the Shell entities aver as follows:

1.

The allegations of Paragraph 1 of the Petition are legal conclusions for which no answer is required. However, to the extent an answer is required, the Shell entities deny the allegations of Paragraph 1.

2.

The allegations of Paragraph 2 of the Petition are legal conclusions for which no answer is required. However, to the extent an answer is required, the Shell entities admit that venue is proper in this Court.

3.

The Shell entities deny the allegations in Paragraphs 3 through 8 of the Petition for lack of sufficient information to justify a belief as to the truth thereof.

4.

The Shell entities admit the allegations of Paragraphs 9 and 10 of the Petition to the extent that the Shell Entities are Delaware corporations with their principal places of business in Texas and that their registered agent for service of process in Louisiana is CT Corporation System in Baton Rouge, Louisiana. The Shell entities deny the remaining allegations of Paragraphs 9 and 10.

5.

To the extent the allegations in Paragraphs 11 through 18 of the Petition are directed against the Shell entities, those allegations are denied.

6.

The allegations of Paragraph 19 of the Petition are legal conclusions for which no answer is required. However, to the extent an answer is required, the Shell entities deny the allegations of Paragraph 19.

7.

The Shell entities deny all remaining allegations in the Petition including all allegations contained in any unnumbered or misnumbered paragraphs, including the Prayer for Relief.

### Third Defense

Plaintiff's damages (if any) were caused solely by the fault of plaintiff, third persons, parties, contractors, or entities for whom the Shell entities are not legally responsible.

### Fourth Defense

Alternatively, the Shell entities affirmatively aver that in the event that they are found negligent or otherwise at fault in any way for plaintiff's injuries, which is expressly denied, then the other acts or omissions of plaintiff or third persons, parties, contractors, or entities for whom the Shell entities are not legally responsible were the sole intervening or superseding causes of plaintiff's alleged accident and plaintiff's alleged damages.

### Fifth Defense

Alternatively, the Shell entities affirmatively aver that in the event that they are found liable in any way to plaintiff, which is denied, any liability on the Shell entities' part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or nonparties for whom the Shell entities are not responsible.

### Sixth Defense

The plaintiff's alleged damages were the result of an unavoidable accident or other circumstances beyond the Shell entities' control.

### Seventh Defense

In the further alternative, the Shell entities aver that plaintiff's injuries, if any, were the result of prior accidents or injuries or preexisting conditions for which the Shell entities are not responsible.

### Eighth Defense

The Shell entities plead Act of God or *force majeure* as a complete defense to all claims and causes of action set forth asserted in the Petition.

### Ninth Defense

The Shell entities reserve the right to assert additional affirmative defenses as those defenses become known through the course of discovery and further reserves the right to adopt the affirmative defenses raised by all other defendants.

WHEREFORE, Shell Oil Company and Shell Offshore Inc. pray that this Answer be deemed good and sufficient and, after due proceedings, the plaintiff's claims against Shell Oil Company and Shell Offshore Inc. be dismissed, with prejudice, at their costs and for all other legal, equitable and other relief to which Shell Oil Company and Shell Offshore Inc. are entitled.

Respectfully submitted,

/s/  Alexander J. Baynham
Thomas P. Diaz (Bar #18863)
Alexander J. Baynham (Bar #36369)
**LISKOW & LEWIS**
Hancock Whitney Center, Suite 5000
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:  504-581-7979
Facsimile:  504-556-4108
Email: tpdiaz@liskow.com
Email: ajbaynham@liskow.com

and

Vanessa W. Anseman (Bar #28795)
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone:  (337) 232-7424
Facsimile:  (337) 267-2399
Email: vanseman@liskow.com

*Attorneys for Defendants Shell Oil Company and Shell Offshore Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 14, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participants.  I further certify that I forwarded the foregoing document and the notice of electronic filing by facsimile to non-CM/ECF participants.

*/s/ Alexander J. Baynham*
