09/10/2021  20:01   3372370241                  LARRY CURTIS                         PAGE   01

Lafayette Parish
Filed Sep 10, 2021
Jamie Trahan
Deputy Clerk of Court

C-20214699
A

**LAWRENCE "LARRY" N. CURTIS**

300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette. Louisiana 70598-0247
Telephone 337.235.1825
Telefax 337.237.0241
larryc@larrycurtis.com



## FACSIMILE TRANSMISSION

| | |
|---|---|
| **TO:** | Hon. Louis J. Perret, Clerk |
| **FAX NO:** | 337.291.6392 |
| **FROM:** | Lawrence N. Curtis, Esq. |
| **DATE:** | September 10, 2021 |
| **PAGES:** | (including cover sheet): _____ |
| **RE:** | Yury Remedio<br>Our File: 3621-LNC |

### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of documents.

If transmission problems occur, please call (337) 235-1825 or (337) 237-0199.

(

**A Professional Law Corporation**

Exhibit "A" - Page 1

**LAWRENCE "LARRY" N. CURTIS**

300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone 337.235.1825
Telefax 337.237.0241
larry@larrycurtis.com
www.larrycurtis.com



September 10, 2021

Hon. Louis J. Perret, Clerk                     VIA FAX: 337.291.6392
15th Judicial District Court
800 South Buchanan Street
Lafayette, Louisiana 70501

       Re: Yury Remedio
      vs.  Noble Drilling
         (U.S.), LLC, et al.
       Our File No: 3621-LNC

Dear Mr. Perret:

      Enclosed for filing in the above-entitled cause is Petition for Damages, together with Louisiana Civil Case Reporting Form and Request for Notice of All Interlocutory Orders or Judgments.

      Thank you in advance for your cooperation in this matter.

                    Yours very truly,

                    s/Lawrence N. Curtis

LNC:dau
Enclosures

**A Professional Law Corporation**

09/10/2021   20:01   3372370241                    LARRY CURTIS                        PAGE   03

Lafayette Parish   **C-20214699**
Filed Sep 10, 2021     **A**
Jamie Trahan
Deputy Clerk of Court

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

YURY REMEDIO
**vs.**
NOBLE DRILLING (U.S.), LLC, ET AL.

**Court:** 15th Judicial District Court            **Docket Number:** _____

**Parish of Filing:** Lafayette Parish            **Filing Date:** _____

**Name of Lead Petitioner's Attorney:** Lawrence N. Curtis

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 1            **Number of named defendants:** 6

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

| | |
|---|---|
| __Auto: Personal Injury | __ Auto: Property Damage |
| __Auto: Wrongful Death | __ Auto: Uninsured Motorist |
| __Asbestos: Property Damage | __ Asbestos: Personal Injury/Death |
| __Product Liability | __ Premise Liability |
| __Intentional Bodily Injury | __ Intentional Property Damage |
| __Intentional Wrongful Death | __ Unfair Business Practice |
| __Business Tort | __ Fraud |
| __Defamation | __ Professional Negligence |
| __Environmental Tort | __ Medical Malpractice |
| __ Intellectual Property | __ Toxic Tort |
| __ Legal Malpractice | __ Other Tort (describe below) |
| __ Other Professional Malpractice | __ Redhibition |
| X̲Maritime | __ Class action (nature of case) |
| _ Wrongful Death | |
| __General Negligence | |

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

A claim for personal injuries and damage under 905(b) of LHWCA as modified by the General Maritime Law of the United States

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name   Lawrence N. Curtis            Signature _____

Address   300 Rue Beauregard, Bldg. C, Post Office Box 80247, Lafayette, LA 70598

Phone number: 337.235.1825            E-mail address: denise@larrycurtis.com; sandra@larrycurtis.com

Exhibit "A" - Page 3

09/10/2021   20:01   3372370241                     LARRY CURTIS                          PAGE  04

Lafayette Parish
Filed Sep 10, 2021
Jamie Trahan
Deputy Clerk of Court

C-20214699
A

FAX

## FIFTEENTH JUDICIAL DISTRICT COURT

## PARISH OF LAFAYETTE

## STATE OF LOUISIANA

YURY REMEDIO

VERSUS                                              DOCKET NO:

NOBLE DRILLING (U.S.), LLC,
NOBLE DRILLING SERVICES, INC.,
NOBLE DRILLING HOLDING, LLC,
NOBLE LEASING II (SWITZERLAND)
GmbH, SHELL OIL COMPANY,
and SHELL OFFSHORE, INC.
**************************************************************************

## PETITION FOR DAMAGES

COMES NOW, Yury Remedio ("Remedio") petitioning against Noble Drilling (U.S.), LLC,

Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH,

(hereinafter sometimes collectively referred to as the "Noble Defendants"), Shell Oil Company, and

Shell Offshore, Inc. (hereinafter sometimes collectively referred to as the "Shell Defendants") and,

for cause of action, Remedio would respectfully represent and show unto this Honorable Court, as

follows:

### JURISDICTION

1.      That, this action is brought under 33 U.S.C. § 905(b) of LHWCA as modified by the

General Maritime Law of the United States. This Court has exclusive jurisdiction of this civil action

under the savings to suitors clause contained in 28 U.S.C. § 1333 which proceeds from Section 9

of the Judiciary Act of 1789.

### VENUE

2.      That, venue is proper under Article 42 of the Louisiana Code of Civil Procedure,

especially Article 42 (5) of the Louisiana Code of Civil Procedure .

### PLAINTIFF

3.      That, Remedio, age 48, is a person of the full age of majority and a resident of

Lafayette, Lafayette Parish, Louisiana.

4.      That, at all times mentioned hereinafter, Remedio was employed by Advanced Tool

& Supply, LLC of Broussard, Louisiana ("ATS"). Remedio was an offshore technician working in

the Gulf of Mexico, off the Louisiana coast aboard the *GLOBETROTTER II*. Remedio was earning,

and had the capacity to earn in excess of $150,000.00 per year, plus found and fringe benefits.

## DEFENDANTS

5.      Noble Drilling (U.S.), LLC is thought to be a foreign limited liability company, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas, but it is licensed to do and doing business in this State, with its designated principal Louisiana business establishment located at 3867 Plaza Tower Dr., Baton Rouge, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

6.      Noble Drilling Services, Inc. is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas. However, unlike Noble Drilling (U.S.), LLC it is neither licensed to do business, nor it appointed an agent for service of process in this State in the manner provided by law. Although it does business in this State and it may be cited to appear and answer herein by serving its statutory agent for service of process; namely, Hon. R. Kyle Ardoin, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana.

7.      Noble Drilling Holding, LLC is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas. However, unlike Noble Drilling (U.S.), LLC it is neither licensed to do business, nor it appointed an agent for service of process in this State in the manner provided by law. Although it does business in this State and it may be cited to appear and answer herein by serving its statutory agent for service of process; namely, Hon. R. Kyle Ardoin, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana.

8.      Noble Leasing II (Switzerland) GmbH is thought to be a corporation, or other business entity, organized and existing by virtue of the laws of Switzerland. In consequence, it may be cited to appear and answer herein by service of process through the provisions of the Hague Convention.

9.      Shell Oil Company is thought to be a foreign corporation organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Houston, Texas, but it is licensed to do and doing business in this State, with its designated principal Louisiana business establishment located at 3867 Plaza Tower Dr., Baton Rouge, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely,

CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

10.    Shell Offshore, Inc. is thought to be a foreign corporation organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Houston, Texas, but it is licensed to do and doing business in this State, with its designated principal Louisiana business establishment located at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

### THE DRILLSHIP - *GLOBETROTTER II*

11.    That, at all times relevant herein, the Noble Defendants owned, operated, manned, managed, and controlled the ultra-deepwater drillship *NOBLE GLOBETROTTER II* ("*GLOBETROTTER II*"). In the alternative, at all times relevant herein, the Shell Defendants managed and controlled the *GLOBETROTTER II*. In the further alternative, at all times relevant herein, the Noble Defendants and the Shell Defendants jointly managed and controlled the *GLOBETROTTER II*. The *GLOBETROTTER II* is a drillship, 620 feet in length, 105 feet in breadth, and 62 feet in depth as shown in Exhibit "A" below.



Exhibit "A"

### FACT OF THE CASE

12.    That, it has become necessary to institute this civil action as a result of injuries and damage suffered by Remedio on Saturday, August 28, 2021 as a consequence of the negligence, negligence *per se*, carelessness, and omission of duty, as well as the recklessness, gross negligence, and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert including, but not limited to, the conscious decisions made by the Noble and Shell Defendants in the days leading up to and during Hurricane Ida - - one of the most powerful and damaging hurricanes to ever strike the United States. Although Hurricane Ida made landfall along the Southeast Louisiana coast on Sunday, August 29, 2021, numerous around-the-clock warnings

**Quality of original in poor condition**

were issued days in advance about the storm's gathering strength. To explain. In the days before Saturday, August 28, 2021, the National Weather Service, the National Hurricane Center and the European Hurricane Model pin-pointed Hurricane Ida's probable landfall to be along the Louisiana coast between Morgan City, Louisiana and Grand Isle, Louisiana. As projected, Hurricane Ida made landfall in Southeast Louisiana, near Port Fourchon with sustained winds of 150 mph., gusting to 165 mph.

13.     That, at all times mentioned herein, the *GLOBETROTTER II* was working in the Gulf of Mexico, off the Louisiana coast for the benefit of, and at the direction of, the Noble and Shell Defendants. In the days leading up to Saturday, August 28, 2021, Hurricane Ida entered the Gulf of Mexico taking direct aim at the Southeast Louisiana coast. Unfortunately for the *GLOBETROTTER II* and her crew, neither the Noble Defendants, nor the Shell Defendants cared about the catastrophic hazards posed to the *GLOBETROTTER II* and her crew members. On August 28, 2021, Remedio was aboard the *GLOBETROTTER II* in the Gulf of Mexico. Despite the undeniable path of Ida , the Noble and Shell Defendants continued to operate the *GLOBETROTTER II* in direct defiance and willful disregard of all weather information made available to the *GLOBETROTTER II* , as well as the broadcasted weather information made available to mariners by the National Weather Service and the National Hurricane Center.

14.     That, in the hours before Hurricane Ida's arrival at the place where the *GLOBETROTTER II* was then located in the Gulf of Mexico, the *GLOBETROTTER II* unlatched from its sub-sea drilling activities and headed directly into the approaching storm. The Noble and Shell Defendants placed the *GLOBETROTTER II* on a collision course with Hurricane Ida -- within ten (10) miles of her eyewall.  The *GLOBETROTTER II* and her crew were exposed to 150 mph. winds, gusting up to 165 mph. and 80- 95 foot sea swells. On board the *GLOBETROTTER II*, the sea conditions tossed the crew around like rag dolls – men were crying and hollering. The *GLOBETROTTER II* was swaying so severely from side-to-side that her crew was forced to walk on her walls, rather than the interior walkways. The sway was so extreme that the *GLOBETROTTER II* almost capsized several times. The entire crew believed they were going to die.

15.     That, the injuries suffered by Remedio were cause by the legal fault, negligence, negligence *per se,* carelessness, and omission of duty, as well as by the recklessness, gross negligence and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert, without any legal fault, negligence, carelessness or omission of duty on

the part of Remedio, causing or contributing in any way thereto.

16.   That, the legal fault, negligence, negligence *per se*, carelessness, and omission of duty, as well as the recklessness, gross negligence and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert, consisted of the following acts and omissions:

- a.   in failing to instruct, train, and supervise the crew of the *GLOBETROTTER II* or, in the alternative, in failing to adequately instruct, train, and supervise the crew of the *GLOBETROTTER II*;

- b.   in that the *GLOBETROTTER II* was not in charge of a competent person and crew;

- c.   in failing to timely and seasonably order the *GLOBETROTTER II* to move off its drilling location and out of the path of Hurricane Ida;

- d.   in failing to timely and seasonably move the *GLOBETROTTER II* off its drilling location and out of the path of Hurricane Ida;

- e.   in failing to promulgate, adopt, and enforce safety practices, safety policies, and safety procedures concerning hazard mitigation during a hurricane or, in the alternative, in failing to promulgate, adopt, and enforce adequate safety practices, safety policies, and safety procedures concerning hazard mitigation during a hurricane;

- f.   in failing to timely and seasonably evacuate the *GLOBETROTTER II* of all nonessential personnel well in advance of the approach of Hurricane Ida;

- g.   in failing to insist that the *GLOBETROTTER II* be brought into the nearest port, before she was hit by Hurricane Ida.

- h.   in violating applicable United States Coast Guard, and BSEE regulations.

17.   That, by reason of the legal fault, negligence, negligence *per se*, carelessness and omission of duty, as well as the recklessness, gross negligence and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert, Remedio sustained serious and potentially permanent injuries to his body and mind, the full extent of which has not yet been determined. More particularly, Remedio has been caused and may be caused to suffer in the future – physical pain; mental suffering including fear, anxiety, humiliation and embarrassment; a loss of wages, medical expenses, and a loss of enjoyment of life.

18.   That, this civil action is also brought and maintained by Remedio for punitive damages, because the Noble and Shell Defendants, acted, either alone or in concert, with wilful and wanton disregard of Remedio's rights to, among other things,  a safe work place. To be sure, the Noble and Shell Defendants were well aware of the grave danger to human life presented by the Hurricane Ida to the area of the Gulf of Mexico where the *GLOBETROTTER II* and her crew were

working, but did absolutely nothing to eliminate or mitigate those hazards. Instead, the Noble and Shell Defendants ignored the grave hazard to human life presented by Hurricane Ida and ordered the *GLOBETROTTER II* crew members to continue working. The acts and omissions on the part of the Noble and Shell Defendants involved a callous disregard for Remedio's safety due to the extreme degree of danger considering the probability and magnitude of potential harm to human life. Moreover, the Noble and Shell Defendants had actual, subjective knowledge of the extreme risk of harm to human life involved, and consciously disregarded the risk by ordering that the crew of the *GLOBETROTTER II* to continue to work.

## **JURY DEMAND**

19.    Remedio is entitled to and demands a trial by jury.

WHEREFORE, Remedio prays that Defendants, Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH, Shell Oil Company, and Shell Offshore, Inc. be served with a copy of this, Remedio's, Petition for Damages and that these Defendants be cited to appear and answer herein; and that after the lapse of all legal delays and due proceedings had, there be judgment in favor of Remedio and against these Defendants, in an amount reasonable in the premises, together with legal interest and for all costs of these proceedings

LAWRENCE N. CURTIS, LTD.
(A Professional Law Corporation)
300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone: (337) 235-1825
Facsimile: (337) 237-0241
E-mail: denise@larrycurtis.com

BY: _____
LAWRENCE N. CURTIS (4678)

**PLEASE SERVE:**

Noble Drilling (U.S.), LLC
through its registered agent
for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana

Noble Drilling Services, Inc.
through its statutory agent
 for service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Drilling Holding, LLC
through its statutory agent
 for service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Leasing II (Switzerland) GmbH
Hague Convention Service

Shell Oil Company
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana.

Shell Offshore, Inc.
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana

09/10/2021   20:01   3372370241                    LARRY CURTIS                    PAGE   11

Lafayette Parish      C-20214699
Filed Sep 10, 2021         A
Jamie Trahan
Deputy Clerk of Court

FIFTEENTH JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

STATE OF LOUISIANA

YURY REMEDIO

VERSUS                                          DOCKET NO:

NOBLE DRILLING (U.S.), LLC,
NOBLE DRILLING SERVICES, INC.,
NOBLE DRILLING HOLDING, LLC,
NOBLE LEASING II (SWITZERLAND)
GmbH, SHELL OIL COMPANY,
and SHELL OFFSHORE, INC.
**************************************************************************

### REQUEST FOR NOTICE OF RENDITION OF
### ALL INTERLOCUTORY ORDERS OR JUDGMENTS

TO:     Hon. Louis J. Perret, Clerk
        15th Judicial District Court
        800 South Buchanan Street
        Lafayette, Louisiana 70501

        In accordance with La. Code Civ.P. art. 1572, you are hereby requested to give written notice

to Plaintiff, through his undersigned counsel, by Certified Mail properly stamped and addressed at

least ten (10) days in advance of the date fixed for the trial or hearing of this matter whether on

exceptions, motions, rules or the merits. You are also requested to furnish immediate notice of all

orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition

thereof as provided by La. Code Civ.P. arts. 1913, 1914, 1960 and 1572 including notice of judgment

in the event this case is taken under advisement or if the judgment is not signed at the conclusion of

the trial.

        Lafayette, Louisiana, this 10th day of September, 2021.

                                        LAWRENCE N. CURTIS, LTD.
                                        (A Professional Law Corporation)
                                        300 Rue Beauregard, Bldg. C
                                        Post Office Box 80247
                                        Lafayette, Louisiana 70598-0247
                                        Telephone: (337) 235-1825
                                        Facsimile: (337) 237-0241
                                        E-mail: denise@larrycurtis.com

                                        BY:_____
                                        LAWRENCE N. CURTIS (4678)

```
Lafayette Parish    C-20214699
Filed Sep 10, 2021      A
    Jamie Trahan
Deputy Clerk of Court
```

* * Transmit Confirmation Report * *

P1                                              Sep 13 2021 09:45am

Sender:GUEST
TTI1:                    TTI Number:

| Destination | Type | Mode | Start Time | Time | Page Note | Result | Details |
|---|---|---|---|---|---|---|---|
| 92370241 | FAX | Fine | 09/13 09:45am | 00'30" | 1 | # O K | |



## Louis J. Perret
Clerk of Court
15th Judicial District
Parish of Lafayette

P.O. Box 2009
Lafayette, LA 70502
Telephone: (337) 291-6400
Fax: (337) 291-6480
www.lpclerk.com

### FAX RECEIPT

**FROM: CIVIL DEPARTMENT**                    **Date: SEPTEMBER 13, 2021**

**To: LAWRENCE N CURTIS**                **Suit No.: DOCKET NUMBER: C-20214699**

**FAX NUMBER: (337) 237-0241**                              **Section: A**

**YURY REMEDIO VS NOBLE DRILLING US LLC, ET AL**

**Total Amount Due (Includes all applicable fees below) $875.50**

616-COVER LETTER                                    2 PAGES
45-ATTS/EXH (REPORTING FORM)                        1 PAGE
628-PET - DAMAGE                                     7 PAGES
39-REQUEST FOR NOTICE                               1 PAGE

The Clerk's office received the above mentioned documents by facsimile transmission dated 9/10/2021, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES AND ORIGINAL(S) ARE RECEIVED IN THIS OFFICE.**

**WHEN MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Deputy Clerk of Court for*
*Louis J. Perret, Clerk of Court*

Suit Accounting Dept. Form #6 Rev. 08/26/14

**\*\*Please note that this amount does not reflect any money that you have on deposit in this matter. It is strictly the amount that is needed to file the above faxed pleadings.**

**\*\*THE ABOVE DOES NOT APPLY IF YOU ARE PAUPER OR PUBLIC BODY\*\***

## CIVIL E-FILING IS AVAILABLE.
### VISIT WWW.CLERKCONNECT.COM OR
### WWW.LPCLERK.COM FOR ACCESS TO THE LINK.

Lafayette Parish
Filed Sep 13, 2021 9:41 AM
Simone Vaughan
Deputy Clerk of Court
FAX Received Sep 10, 2021

C-20214699
A

LAWRENCE "LARRY" N. CURTIS

300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone 337.235.1825
Telefax 337.237.0241
larry@larrycurtis.com
www.larrycurtis.com



**Larry Curtis**
PERSONAL INJURY ATTORNEY

September 10, 2021

Hon. Louis J. Perret, Clerk                    VIA FAX: 337.291.6392
15th Judicial District Court
800 South Buchanan Street
Lafayette, Louisiana 70501

      Re: Yury Remedio
      vs.  Noble Drilling
          (U.S.), LLC, et al.
      Our File No: 3621-LNC

Dear Mr. Perret:

      Enclosed for filing in the above-entitled cause is Petition for Damages, together with Louisiana Civil Case Reporting Form and Request for Notice of All Interlocutory Orders or Judgments.

      Thank you in advance for your cooperation in this matter.

9/13/21 - mc
DISCOVERY NOT FILED INTO THE SUIT
RECORD, BUT ATTACHED FOR SERVICE.

9/13/21 - mc
AS PER ATTY LARRY CURTIS,
PUT 30 DAYS ON THE HAGUE
CONVENTION SERVICE.

      Yours very truly,

      s/Lawrence N. Curtis

      LNC:dau
      Enclosures

A Professional Law Corporation

**STAMPED COPY GIVEN**





# Louis J. Perret

Clerk of Court
15th Judicial District
Parish of Lafayette

P.O. Box 2009
Lafayette, LA 70502
Telephone: (337) 291-6400
Fax: (337) 291-6480
www.lpclerk.com

## FAX RECEIPT

FROM: CIVIL DEPARTMENT

Date: **SEPTEMBER 13, 2021**

To: LAWRENCE N CURTIS

Suit No.: **DOCKET NUMBER: C-20214699**

FAX NUMBER: (337) 237-0241

Section: A

YURY REMEDIO VS NOBLE DRILLING US LLC, ET AL

**Total Amount Due (Includes all applicable fees below) $875.50**

| | |
|---|---|
| 616-COVER LETTER | 2 PAGES |
| 45-ATTS/EXH (REPORTING FORM) | 1 PAGE |
| 628-PET - DAMAGE | 7 PAGES |
| 39-REQUEST FOR NOTICE | 1 PAGE |

The Clerk's office received the above mentioned documents by facsimile transmission dated 9/10/2021, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES AND ORIGINAL(S) ARE RECEIVED IN THIS OFFICE.**

**WHEN MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Deputy Clerk of Court for*
*Louis J. Perret, Clerk of Court*

Suit Accounting Dept. Form #6 Rev. 08/26/14

**\*\*Please note that this amount does not reflect any money that you have on deposit in this matter. It is strictly the amount that is needed to file the above faxed pleadings.**

**\*\*THE ABOVE DOES NOT APPLY IF YOU ARE PAUPER OR PUBLIC BODY\*\***

# CIVIL E-FILING IS AVAILABLE.
# VISIT <u>WWW.CLERKCONNECT.COM</u> OR
# <u>WWW.LPCLERK.COM</u> FOR ACCESS TO THE LINK.

Lafayette Parish
Filed Sep 13, 2021 9:41 AM
Simone Vaughan
Deputy Clerk of Court
FAX Received Sep 10, 2021

C-20214699
A

FIFTEENTH JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

STATE OF LOUISIANA

YURY REMEDIO

VERSUS                                          DOCKET NO:

NOBLE DRILLING (U.S.), LLC,
NOBLE DRILLING SERVICES, INC.,
NOBLE DRILLING HOLDING, LLC,
NOBLE LEASING II (SWITZERLAND)
GmbH, SHELL OIL COMPANY,
and SHELL OFFSHORE, INC.
*******************************************************************************

## PETITION FOR DAMAGES

COMES NOW, Yury Remedio ("Remedio") petitioning against Noble Drilling (U.S.), LLC,

Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH,

(hereinafter sometimes collectively referred to as the "Noble Defendants"), Shell Oil Company, and

Shell Offshore, Inc. (hereinafter sometimes collectively referred to as the "Shell Defendants") and,

for cause of action, Remedio would respectfully represent and show unto this Honorable Court, as

follows:

### JURISDICTION

1.      That, this action is brought under 33 U.S.C. § 905(b) of LHWCA as modified by the

General Maritime Law of the United States. This Court has exclusive jurisdiction of this civil action

under the savings to suitors clause contained in  28 U.S.C. § 1333 which proceeds from Section 9

of the Judiciary Act of 1789.

### VENUE

2.      That, venue is proper under Article 42 of the Louisiana Code of Civil Procedure,

especially Article 42 (5) of the Louisiana Code of Civil Procedure .

### PLAINTIFF

3.      That, Remedio, age 48, is a person of the full age of majority and a resident of

Lafayette, Lafayette Parish, Louisiana.

4.      That, at all times mentioned hereinafter, Remedio was employed by Advanced Tool

& Supply, LLC of Broussard, Louisiana ("ATS").  Remedio was an offshore technician working in

the Gulf of Mexico, off the Louisiana coast aboard the *GLOBETROTTER II* .  Remedio was earning,

and had the capacity to earn in excess of $150,000.00 per year, plus found and fringe benefits.

### DEFENDANTS

5.      Noble Drilling (U.S.), LLC is thought to be a foreign limited liability company, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas, but it is licensed to do and doing business in this State, with its designated principal Louisiana business establishment located at 3867 Plaza Tower Dr., Baton Rouge, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

6.      Noble Drilling Services, Inc. is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas. However, unlike Noble Drilling (U.S.), LLC it is neither licensed to do business, nor it appointed an agent for service of process in this State in the manner provided by law. Although it does business in this State and it may be cited to appear and answer herein by serving its statutory agent for service of process; namely, Hon. R. Kyle Ardoin, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana.

7.      Noble Drilling Holding, LLC is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas. However, unlike Noble Drilling (U.S.), LLC it is neither licensed to do business, nor it appointed an agent for service of process in this State in the manner provided by law. Although it does business in this State and it may be cited to appear and answer herein by serving its statutory agent for service of process; namely, Hon. R. Kyle Ardoin, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana.

8.      Noble Leasing II (Switzerland) GmbH is thought to be a corporation, or other business entity, organized and existing by virtue of the laws of Switzerland. In consequence, it may be cited to appear and answer herein by service of process through the provisions of the Hague Convention.

9.      Shell Oil Company is thought to be a foreign corporation organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Houston, Texas, but it is licensed to do and doing business in this State, with its designated principal Louisiana business establishment located at 3867 Plaza Tower Dr., Baton Rouge, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely,

CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

10.     Shell Offshore, Inc. is thought to be a foreign corporation organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Houston, Texas, but it is licensed to do and doing business in this State, with its designated principal Louisiana business establishment located at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

### THE DRILLSHIP - *GLOBETROTTER II*

11.     That, at all times relevant herein, the Noble Defendants owned, operated, manned, managed, and controlled the ultra-deepwater drillship *NOBLE GLOBETROTTER II* *("GLOBETROTTER II")*. In the alternative, at all times relevant herein,  the Shell Defendants managed and controlled the *GLOBETROTTER II*.  In the further alternative, at all times relevant herein, the Noble Defendants and the Shell Defendants jointly managed and controlled the *GLOBETROTTER II*.  The *GLOBETROTTER II* is a drillship, 620 feet in length, 105 feet in breadth, and 62 feet in depth as shown in Exhibit "A" below.



Exhibit "A"

### FACT OF THE CASE

12.     That, it has become necessary to institute this civil action as a result of injuries and damage suffered by Remedio on Saturday, August 28, 2021 as a consequence of the negligence, negligence *per se,* carelessness, and omission of duty, as well as the recklessness, gross negligence, and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert including, but not limited to,  the conscious decisions made by the Noble and Shell Defendants in the days leading up to and during Hurricane Ida - - one of the most powerful and damaging hurricanes to ever strike the United States. Although Hurricane Ida made landfall along the Southeast Louisiana coast on Sunday, August 29, 2021, numerous around-the-clock warnings

were issued days in advance about the storm's gathering strength. To explain.  In the days before Saturday, August 28, 2021, the National Weather Service, the National Hurricane Center and the European Hurricane Model pin-pointed Hurricane Ida's probable landfall to be along the Louisiana coast between Morgan City, Louisiana and Grand Isle, Louisiana. As projected, Hurricane Ida made landfall in Southeast Louisiana, near Port Fourchon with sustained winds of 150 mph., gusting to 165 mph.

13.     That, at all times mentioned herein, the *GLOBETROTTER II* was working in the Gulf of Mexico, off the Louisiana coast for the benefit of, and at the direction of, the Noble and Shell Defendants. In the days leading up to Saturday, August 28, 2021, Hurricane Ida entered the Gulf of Mexico taking direct aim at the Southeast Louisiana coast. Unfortunately for the *GLOBETROTTER II* and her crew, neither the Noble Defendants, nor the Shell Defendants cared about the catastrophic hazards posed to the *GLOBETROTTER II* and her crew members. On August 28, 2021, Remedio was aboard the *GLOBETROTTER II* in the Gulf of Mexico. Despite the undeniable path of Ida , the Noble and Shell Defendants continued to operate the *GLOBETROTTER II* in direct defiance and willful disregard of all weather information made available to the *GLOBETROTTER II* , as well as the broadcasted weather information made available to mariners by the National Weather Service and the National Hurricane Center.

14.     That, in the hours before Hurricane Ida's arrival at the place where the *GLOBETROTTER II* was then located in the Gulf of Mexico, the *GLOBETROTTER II* unlatched from its sub-sea drilling activities and headed directly into the approaching storm. The Noble and Shell Defendants placed the *GLOBETROTTER II* on a collision course with Hurricane Ida -- within ten (10) miles of her eyewall.  The *GLOBETROTTER II* and her crew were exposed to 150 mph. winds, gusting up to 165 mph. and 80- 95 foot sea swells. On board the *GLOBETROTTER II*, the sea conditions tossed the crew around like rag dolls – men were crying and hollering. The *GLOBETROTTER II* was swaying so severely from side-to-side that her crew was forced to walk on her walls, rather than the interior walkways. The sway was so extreme that the *GLOBETROTTER II* almost capsized several times. The entire crew believed they were going to die.

15.     That, the injuries suffered by Remedio were cause by the legal fault, negligence, negligence *per se,* carelessness, and omission of duty, as well as by the recklessness, gross negligence and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert, without any legal fault, negligence, carelessness or omission of duty on

the part of Remedio, causing or contributing in any way thereto.

16.    That, the legal fault, negligence, negligence *per se,* carelessness, and omission of duty, as well as the recklessness, gross negligence and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert, consisted of the following acts and omissions:

a.    in failing to instruct, train, and supervise the crew of the *GLOBETROTTER II* or, in the alternative, in failing to adequately instruct, train, and supervise the crew of the *GLOBETROTTER II;*

b.    in that the *GLOBETROTTER II* was not in charge of a competent person and crew;

c.    in failing to timely and seasonably order the *GLOBETROTTER II* to move off its drilling location and out of the path of Hurricane Ida;

d.    in failing to timely and seasonably move the *GLOBETROTTER II* off its drilling location and out of the path of Hurricane Ida;

e.    in failing to promulgate, adopt, and enforce safety practices, safety policies, and safety procedures concerning hazard mitigation during a hurricane or, in the alternative, in failing to promulgate, adopt, and enforce adequate safety practices, safety policies, and safety procedures concerning hazard mitigation during a hurricane;

f.    in failing to timely and seasonably evacuate the *GLOBETROTTER II* of all nonessential personnel well in advance of the approach of Hurricane Ida;

g.    in failing to insist that the *GLOBETROTTER II* be brought into the nearest port, before she was hit by Hurricane Ida.

h.    in violating applicable United States Coast Guard, and BSEE regulations.

17.    That, by reason of the legal fault, negligence, negligence *per se*, carelessness and omission of duty, as well as the recklessness, gross negligence and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert, Remedio sustained serious and potentially permanent injuries to his body and mind, the full extent of which has not yet been determined. More particularly, Remedio has been caused and may be caused to suffer in the future – physical pain; mental suffering including fear, anxiety, humiliation and embarrassment; a loss of wages, medical expenses, and a loss of enjoyment of life.

18.    That, this civil action is also brought and maintained by Remedio for punitive damages, because the Noble and Shell Defendants, acted, either alone or in concert, with wilful and wanton disregard of Remedio's rights to, among other things,  a safe work place. To be sure, the Noble and Shell Defendants were well aware of the grave danger to human life presented by the Hurricane Ida to the area of the Gulf of Mexico where the *GLOBETROTTER II* and her crew were

working, but did absolutely nothing to eliminate or mitigate those hazards.  Instead, the Noble and

Shell Defendants ignored the grave hazard to human life presented by Hurricane Ida and ordered the

*GLOBETROTTER II* crew members to continue working.  The acts and omissions on the part of the

Noble and Shell Defendants involved a callous disregard for Remedio's safety due to the extreme

degree of danger considering the probability and magnitude of potential harm to human life.

Moreover, the Noble and Shell Defendants had actual, subjective knowledge of the extreme risk of

harm to human life involved, and consciously disregarded the risk by ordering that the crew of the

*GLOBETROTTER II* to continue to work.

### JURY DEMAND

19.     Remedio is entitled to and demands a trial by jury.

        WHEREFORE,  Remedio prays that Defendants, Noble Drilling (U.S.), LLC, Noble

Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH, Shell

Oil Company, and Shell Offshore, Inc. be served with a copy of this, Remedio's, Petition for

Damages and that these Defendants be cited to appear and answer herein; and that after the lapse of

all legal delays and due proceedings had, there be judgment in favor of Remedio and against these

Defendants, in an amount reasonable in the premises, together with legal interest  and for all costs

of these proceedings

                         LAWRENCE N. CURTIS, LTD.
                         (A Professional Law Corporation)
                         300 Rue Beauregard, Bldg. C
                         Post Office Box 80247
                         Lafayette, Louisiana 70598-0247
                         Telephone: (337) 235-1825
                         Facsimile: (337) 237-0241
                         E-mail: denise@larrycurtis.com


                         BY: _____
                              LAWRENCE N. CURTIS (4678)


**PLEASE SERVE:**

Noble Drilling (U.S.), LLC
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana

Noble Drilling Services, Inc.
through its statutory agent
 for service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Drilling Holding, LLC
through its statutory agent
 for service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Leasing II (Switzerland) GmbH
Hague Convention Service

Shell Oil Company
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana.

Shell Offshore, Inc.
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana

Lafayette Parish
Filed Sep 13, 2021 9:41 AM
Simone Vaughan
Deputy Clerk of Court
FAX Received Sep 10, 2021

C-20214699
A

FIFTEENTH JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

STATE OF LOUISIANA

YURY REMEDIO

VERSUS                                           DOCKET NO:

NOBLE DRILLING (U.S.), LLC,
NOBLE DRILLING SERVICES, INC.,
NOBLE DRILLING HOLDING, LLC,
NOBLE LEASING II (SWITZERLAND)
GmbH, SHELL OIL COMPANY,
and SHELL OFFSHORE, INC.
**************************************************************************

### REQUEST FOR NOTICE OF RENDITION OF
### ALL INTERLOCUTORY ORDERS OR JUDGMENTS

TO:    Hon. Louis J. Perret, Clerk
       15th Judicial District Court
       800 South Buchanan Street
       Lafayette, Louisiana 70501

       In accordance with La.Code Civ.P. art. 1572, you are hereby requested to give written notice

to Plaintiff, through his undersigned counsel, by Certified Mail properly stamped and addressed at

least ten (10) days in advance of the date fixed for the trial or hearing of this matter whether on

exceptions, motions, rules or the merits. You are also requested to furnish immediate notice of all

orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition

thereof as provided by La. Code Civ.P. arts. 1913, 1914, 1960 and 1572 including notice of judgment

in the event this case is taken under advisement or if the judgment is not signed at the conclusion of

the trial.

       Lafayette, Louisiana, this 10th day of September, 2021.

                                      LAWRENCE N. CURTIS, LTD.
                                      (A Professional Law Corporation)
                                      300 Rue Beauregard, Bldg. C
                                      Post Office Box 80247
                                      Lafayette, Louisiana 70598-0247
                                      Telephone: (337) 235-1825
                                      Facsimile: (337) 237-0241
                                      E-mail: denise@larrycurtis.com


                                      BY: _____
                                          LAWRENCE N. CURTIS (4678)

Lafayette Parish
Filed Sep 13, 2021 9:41 AM
Simone Vaughan
Deputy Clerk of Court
FAX Received Sep 10, 2021

C-20214699
A

# LOUISIANA CIVIL CASE REPORTING
## Civil Case Cover Sheet - LA. R.S. 13:4688 and
## Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

YURY REMEDIO
**vs.**
NOBLE DRILLING (U.S.), LLC, ET AL.

**Court:** 15th Judicial District Court          **Docket Number:** __C-20214699__

**Parish of Filing:** Lafayette Parish          **Filing Date:** SEPTEMBER 13, 2021

**Name of Lead Petitioner's Attorney:** Lawrence N. Curtis

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 1          **Number of named defendants:** 6

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

| | |
|---|---|
| __Auto: Personal Injury | __ Auto: Property Damage |
| __Auto: Wrongful Death | __ Auto: Uninsured Motorist |
| __Asbestos: Property Damage | __ Asbestos: Personal Injury/Death |
| __Product Liability | __ Premise Liability |
| __Intentional Bodily Injury | __ Intentional Property Damage |
| __Intentional Wrongful Death | __ Unfair Business Practice |
| __Business Tort | __ Fraud |
| __Defamation | __ Professional Negligence |
| __Environmental Tort | __ Medical Malpractice |
| __ Intellectual Property | __ Toxic Tort |
| __ Legal Malpractice | __ Other Tort (describe below) |
| __ Other Professional Malpractice | __ Redhibition |
| _X_Maritime | __ Class action (nature of case) |
| _ Wrongful Death | _____ |
| __General Negligence | |

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

A claim for personal injuries and damage under 905(b) of LHWCA as modified by the General Maritime Law of the United States

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form.

Name   Lawrence N. Curtis          Signature _____

Address  300 Rue Beauregard, Bldg. C, Post Office Box 80247, Lafayette, LA 70598

Phone number: 337.235.1825          E-mail address:  denise@larrycurtis.com; sandra@larrycurtis.com



LAFPC.CV.63123608

Requested by Atty.:  CURTIS, LAWRENCE N

# CITATION

**YURY REMEDIO**

**VS**

**NOBLE DRILLING US LLC, ET AL**

**15TH JUDICIAL DISTRICT COURT**

**DOCKET NUMBER: C-20214699 A**

**PARISH OF LAFAYETTE, LOUISIANA**

**STATE OF LOUISIANA**

TO:  NOBLE DRILLING HOLDING, LLC
     THORUGH ITS STATUTORY AGENT
     FOR SERVICE OF PROCESS:
     HON. R. KYLE ARDOIN,
     LOUISIANA SECRETARY OF STATE
     8585 ARCHIVES AVENUE
     BATON ROUGE, LA



## SHERIFF RETURN

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

I made service on the named party through the Office of the Secretary of State on

SEP 2 2 2021 by tendering a copy of this document to:
JULIE NESBITT
DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:
PETITION FOR DAMAGES

---

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____   TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE          MOVED ( )          NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE  ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____   MILEAGE $_____   TOTAL $_____

DEPUTY _____

I made service on the named party through the Office of the Secretary of State on

SEP 2 2 2021 by tendering a copy of this document to
JULIE NESBITT J. N.
DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Lafayette Parish Clerk of Court
Filed This Day

SEP 3 0 2021

Deputy Clerk of Court



LAFPC.CV.63123590

Requested by Atty.: CURTIS, LAWRENCE N

# CITATION

YURY REMEDIO

VS

NOBLE DRILLING US LLC, ET AL

15TH JUDICIAL DISTRICT COURT

DOCKET NUMBER: C-20214699 A

PARISH OF LAFAYETTE, LOUISIANA

STATE OF LOUISIANA

TO:   NOBLE DRILLING SERVICES, INC.
      THROUGH ITS STATUTORY AGENT
      FOR SERVICE OF PROCESS:
      HON. R. KYLE ARDOIN,
      LOUISIANA SECRETARY OF STATE
      8585 ARCHIVES AVENUE
      BATON ROUGE, LA



SHERIFF RETURN
of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

_M. Clotiaup_
Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:*
**PETITION FOR DAMAGES**

*I made service on the named party through the Office of the Secretary of State on*
*SEP 2 2 2021*
*by tendering a copy of this document to:*
*JULIE NESBITT*
*DY. E. CUMMINS #1155*
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

*I made service on the named party through the Office of the Secretary of State on*
*SEP 2 2 2021*
*by tendering a copy of this document to:*
*KELLY DARDEN J.N.*
*DY. E. CUMMINS #1155*
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

DATE SERVED: _____, 20_____   TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE           MOVED ( )           NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE   ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____   MILEAGE $_____   TOTAL $_____

DEPUTY _____

Lafayette Parish Clerk of Court
Filed This Day

SEP 3 0 2021

_Devin Smith_
Deputy Clerk of Court



LAFPC.CV.63123616

Requested by Atty.: CURTIS, LAWRENCE N

# CITATION

YURY REMEDIO

VS

NOBLE DRILLING US LLC, ET AL

**15TH JUDICIAL DISTRICT COURT**

**DOCKET NUMBER: C-20214699 A**

**PARISH OF LAFAYETTE, LOUISIANA**

**STATE OF LOUISIANA**

TO:   **SHELL OIL COMPANY**
      **THROUGH ITS REGISTERED AGENT**
      **FOR SERVICE OF PROCESS:**
      **C T CORPORATION SYSTEM**
      **3867 PLAZA TOWER DR.**
      **BATON ROUGE, LA**



SHERIFF RETURN

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

*I made service on the named party through the CT Corporation*

*SEP 2 2 2021*

*by tendering a copy of this document to Ashley Minvielle*

*E. CUMMINS*

*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR DAMAGES**

---

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

Lafayette Parish Clerk of Court
Filed This Day

**OCT 0 1 2021**

Deputy Clerk of Court

DATE SERVED: _____, 20_____   TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE        MOVED ( )           NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE   ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____   MILEAGE $_____   TOTAL $_____

DEPUTY _____





LAFPC.CV.63123624

Requested by Atty.:  CURTIS, LAWRENCE N

# CITATION

| | |
|---|---|
| YURY REMEDIO | 15TH JUDICIAL DISTRICT COURT |
| VS | DOCKET NUMBER: C-20214699 A |
| NOBLE DRILLING US LLC, ET AL | PARISH OF LAFAYETTE, LOUISIANA |

**STATE OF LOUISIANA**

TO:   SHELL OFFSHORE, INC.
      THROUGH ITS REGISTERED AGENT
      FOR SERVICE OF PROCESS:
      C T CORPORATION SYSTEM
      3867 PLAZA TOWER DR.
      BATON ROUGE, LA



SHERIFF RETURN

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

I made service on the named party through the
CT Corporation
SEP 2 2 2021
by tendering a copy of this document to
Ashley Minvielle

E. CUMMINS
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:
PETITION FOR DAMAGES

| SHERIFF'S RETURN | Lafayette Parish Clerk of Court |
|---|---|
| LAFAYETTE PARISH SHERIFF | Filed This Day |

OCT 0 1 2021

Deputy Clerk of Court

DATE SERVED: _____, 20_____ TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE         MOVED ( )         NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE   ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____   MILEAGE $_____   TOTAL $_____

DEPUTY _____

RECEIVED
SEP 2 1 2021
E.B.R. Sheriff Office



LAFPC.CV.63123582

Requested by Atty.: CURTIS, LAWRENCE N

# CITATION

| YURY REMEDIO | 15TH JUDICIAL DISTRICT COURT |
| --- | --- |
| VS | DOCKET NUMBER: C-20214699 A |
| NOBLE DRILLING US LLC, ET AL | PARISH OF LAFAYETTE, LOUISIANA |

## STATE OF LOUISIANA

TO:   NOBLE DRILLING (U.S.), LLC
      THROUGH ITS REGISTERED AGENT
      FOR SERVICE OF PROCESS:
      C T CORPORATION SYSTEM
      3867 PLAZA TOWER DR.
      BATON ROUGE, LA



**SHERIFF RETURN**

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

I made service on the named party through the
CT Corporation
SEP 2 2 2021
by tendering a copy of this document to
Ashley Minvielle

E. CUMMINS
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:
**PETITION FOR DAMAGES**

| SHERIFF'S RETURN | Lafayette Parish Clerk of Court |
| --- | --- |
| LAFAYETTE PARISH SHERIFF | Filed This Day |

OCT 0 1 2021

Deputy Clerk of Court

DATE SERVED: _____, 20_____ TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE          MOVED ( )          NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE  (  )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____   MILEAGE $_____   TOTAL $_____

DEPUTY _____

Exhibit "A" - Page 30



RECEIVED

SEP 21 2021

E.B.R. Sheriff Office



LAFPC.CV.63123582

Requested by Atty.:  CURTIS, LAWRENCE N

# CITATION

**YURY REMEDIO**                              **15TH JUDICIAL DISTRICT COURT**

**VS**                                        **DOCKET NUMBER: C-20214699 A**

**NOBLE DRILLING US LLC, ET AL**             **PARISH OF LAFAYETTE, LOUISIANA**

**STATE OF LOUISIANA**

TO:   **NOBLE DRILLING (U.S.), LLC**
      **THROUGH ITS REGISTERED AGENT**
      **FOR SERVICE OF PROCESS:**
      **C T CORPORATION SYSTEM**
      **3867 PLAZA TOWER DR.**
      **BATON ROUGE, LA**

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

_____
Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR DAMAGES**

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE            MOVED ( )            NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE   ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____    MILEAGE $_____    TOTAL $_____

DEPUTY _____


LAFPC.CV.63123590

Requested by Atty.:  CURTIS, LAWRENCE N

# CITATION

**YURY REMEDIO**                                      **15TH JUDICIAL DISTRICT COURT**

**VS**                                                              **DOCKET NUMBER: C-20214699 A**

**NOBLE DRILLING US LLC, ET AL**              **PARISH OF LAFAYETTE, LOUISIANA**

---

**STATE OF LOUISIANA**

**TO:    NOBLE DRILLING SERVICES, INC.**
**THROUGH ITS STATUTORY AGENT**
**FOR SERVICE OF PROCESS:**
**HON. R. KYLE ARDOIN,**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA**

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

_____
Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR DAMAGES**

---

SHERIFF'S RETURN

LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____   TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY (  ) ON _____

UNABLE TO LOCATE           MOVED (  )              NO SUCH ADDRESS (  )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE   (   )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____      MILEAGE $_____      TOTAL $_____

DEPUTY _____



LAFPC.CV.63123608

Requested by Atty.:  CURTIS, LAWRENCE N

# CITATION

**YURY REMEDIO**                    **15TH JUDICIAL DISTRICT COURT**

**VS**                             **DOCKET NUMBER: C-20214699 A**

**NOBLE DRILLING US LLC, ET AL**      **PARISH OF LAFAYETTE, LOUISIANA**

**STATE OF LOUISIANA**

TO:    **NOBLE DRILLING HOLDING, LLC**
       **THORUGH ITS STATUTORY AGENT**
       **FOR SERVICE OF PROCESS:**
       **HON. R. KYLE ARDOIN,**
       **LOUISIANA SECRETARY OF STATE**
       **8585 ARCHIVES AVENUE**
       **BATON ROUGE, LA**

                              of the Parish of E. BATON ROUGE

     You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.
     WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

                              _MClotiary_
                              _____
                              Deputy Clerk of Court
                              Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR DAMAGES**

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____  TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY (  ) ON _____

UNABLE TO LOCATE          MOVED (  )          NO SUCH ADDRESS (  )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE   (   )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____    MILEAGE $_____    TOTAL $_____

DEPUTY _____


LAFPC.CV.63123616

Requested by Atty.: CURTIS, LAWRENCE N

# CITATION

**YURY REMEDIO**                              **15TH JUDICIAL DISTRICT COURT**

**VS**                                        **DOCKET NUMBER: C-20214699 A**

**NOBLE DRILLING US LLC, ET AL**             **PARISH OF LAFAYETTE, LOUISIANA**

**STATE OF LOUISIANA**

TO:   **SHELL OIL COMPANY**
      **THROUGH ITS REGISTERED AGENT**
      **FOR SERVICE OF PROCESS:**
      **C T CORPORATION SYSTEM**
      **3867 PLAZA TOWER DR.**
      **BATON ROUGE, LA**

                                    of the Parish of E. BATON ROUGE

      You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.
      WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

                                            _____
                                            Deputy Clerk of Court
                                            Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR DAMAGES**

                        SHERIFF'S RETURN
                     LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____  TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE          MOVED ( )          NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE  ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____    MILEAGE $_____    TOTAL $_____

DEPUTY _____



LAFPC.CV.63123624

Requested by Atty.:  CURTIS, LAWRENCE N

# CITATION

| | |
|---|---|
| **YURY REMEDIO** | **15TH JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C-20214699 A** |
| **NOBLE DRILLING US LLC, ET AL** | **PARISH OF LAFAYETTE, LOUISIANA** |

**STATE OF LOUISIANA**

TO:  **SHELL OFFSHORE, INC.**
**THROUGH ITS REGISTERED AGENT**
**FOR SERVICE OF PROCESS:**
**C T CORPORATION SYSTEM**
**3867 PLAZA TOWER DR.**
**BATON ROUGE, LA**

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

_____
Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR DAMAGES**

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____  TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE         MOVED ( )          NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE   (   )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____     MILEAGE $_____     TOTAL $_____

DEPUTY _____



LAFPC.CV.63123608

Requested by Atty.: CURTIS, LAWRENCE N

# CITATION

| YURY REMEDIO | 15TH JUDICIAL DISTRICT COURT |
| --- | --- |
| VS | DOCKET NUMBER: C-20214699 A |
| NOBLE DRILLING US LLC, ET AL | PARISH OF LAFAYETTE, LOUISIANA |

**STATE OF LOUISIANA**

TO:  NOBLE DRILLING HOLDING, LLC
     THORUGH ITS STATUTORY AGENT
     FOR SERVICE OF PROCESS:
     HON. R. KYLE ARDOIN,
     LOUISIANA SECRETARY OF STATE
     8585 ARCHIVES AVENUE
     BATON ROUGE, LA



**SHERIFF RETURN**
of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

I made service on the named party through the
Office of the Secretary of State on

SEP 2 2 2021
by tendering a copy of this document to:
JULIE NESBITT
DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

_____
Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:
PETITION FOR DAMAGES

---

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____    TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE          MOVED ( )          NO SUCH ADDRESS (

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE  ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____    MILEAGE $_____    TOTAL $_____

DEPUTY _____

I made service on the named party through the
Office of the Secretary of State on

SEP 2 2 2021
by tendering a copy of this document to          J.N.
DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Lafayette Parish Clerk of Court
Filed This Day

SEP 3 0 2021

_____
Deputy Clerk of Court

# State of Louisiana
# Secretary of State

10/01/2021

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

NOBLE DRILLING HOLDING, LLC
STE. 800
13135 SOUTH DAIRY ASHFORD
SUGAR LAND, LA  77478

Suit No.: 20214699
15TH JUDICIAL DISTRICT COURT
LAFAYETTE PARISH

YURY REMEDIO
vs
NOBLE DRILLING US LLC, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on:  R. KYLE ARDOIN
Served by:  E CUMMINS

ATTY/LTR/JN MC TRS 1211733

Date: 09/22/2021
Title:  DEPUTY SHERIFF

No: 1212379

JN

Exhibit "A" - Page 38

**LAWRENCE "LARRY" N. CURTIS**

300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone 337.235.1825
Telefax 337.237.0241
larry@larrycurtis.com
www.larrycurtis.com



**PERSONAL INJURY ATTORNEY**

September 28, 2021

Hon. R. Kyle Ardoin                    FEDERAL EXPRESS NO.
Louisiana Secretary of State           2842 5230 5619
8585 Archives Ave.
Baton Rouge, Louisiana 70809

        Attn: Kara Caldwell
              Commercial Division

        Re: Yury Remedio
        vs. Noble Drilling
            (U.S.), LLC, et al.
            15th JDC No: 2021-4699 "A"
            Our File No: 3621-LNC

Dear Ms. Caldwell:

     Receipt of your letters dated September 23, 2021 are hereby
acknowledged. (A copy is attached for your ready reference.)

     We now provide you with the following information:

            *Noble Drilling Services, Inc.*
        *13135 South Dairy Ashford, Ste. 800*
             *Sugar Land, Texas 77478*
             *Telephone: 281.276.6100*

            *Noble Drilling Holdings, LLC*
        *13135 South Dairy Ashford, Ste. 800*
             *Sugar Land, Texas 77478*
             *Telephone: 281.276.6100*

**A Professional Law Corporation**

Exhibit "A" - Page 39

September 28, 2021
Page -2-
_____

    We now return to you the documents mentioned in your letters to be served on Noble Drilling Services, Inc. and Noble Drilling Holdings, LLC at the addresses listed above.

                         Yours very truly,

                         s/Lawrence N. Curtis

LNC:dau
Enclosures



LAFPC.CV.63123608

Requested by Atty.:  CURTIS, LAWRENCE N

# CITATION

| | |
|---|---|
| **YURY REMEDIO** | **15TH JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C-20214699 A** |
| **NOBLE DRILLING US LLC, ET AL** | **PARISH OF LAFAYETTE, LOUISIANA** |

**STATE OF LOUISIANA**

TO:   **NOBLE DRILLING HOLDING, LLC
THORUGH ITS STATUTORY AGENT
FOR SERVICE OF PROCESS:
HON. R. KYLE ARDOIN,
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA**



SERVED ON
R. KYLE ARDOIN

SEP 2 2 2021

SECRETARY OF STATE
COMMERCIAL DIVISION

SERVICE COPY

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:
PETITION FOR DAMAGES**

SHERIFF'S RETURN

LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE          MOVED ( )          NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE   (   )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____     MILEAGE $_____     TOTAL $_____

DEPUTY _____

## State of Louisiana
## Secretary of State

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

10/01/2021

NOBLE DRILLING SERVICES, INC.
STE. 800
13135 SOUTH DAIRY ASHFORD
SUGARLAND, TX  77478

Suit No.: 20214699
15TH JUDICIAL DISTRICT COURT
LAFAYETTE PARISH

YURY REMEDIO
vs
NOBLE DRILLING US LLC, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on:  R. KYLE ARDOIN                     Date: 09/22/2021
Served by:  E CUMMINS                          Title:  DEPUTY SHERIFF

ATTY/LTR/JN MC TRS 1211729

No: 1212381

JN

Exhibit "A" - Page 42

**LAWRENCE "LARRY" N. CURTIS**

300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone 337.235.1825
Telefax 337.237.0241
larry@larrycurtis.com
www.larrycurtis.com



**PERSONAL INJURY ATTORNEY**

September 28, 2021

Hon. R. Kyle Ardoin                       FEDERAL EXPRESS NO.
Louisiana Secretary of State              2842 5230 5619
8585 Archives Ave.
Baton Rouge, Louisiana 70809

      Attn: Kara Caldwell
           Commercial Division

      Re: Yury Remedio
      vs. Noble Drilling
          (U.S.), LLC, et al.
          15th JDC No: 2021-4699 "A"
          Our File No: 3621-LNC

Dear Ms. Caldwell:

      Receipt of your letters dated September 23, 2021 are hereby
acknowledged. (A copy is attached for your ready reference.)

      We now provide you with the following information:

          *Noble Drilling Services, Inc.*
      *13135 South Dairy Ashford, Ste. 800*
          *Sugar Land, Texas 77478*
          *Telephone: 281.276.6100*

          *Noble Drilling Holdings, LLC*
      *13135 South Dairy Ashford, Ste. 800*
          *Sugar Land, Texas 77478*
          *Telephone: 281.276.6100*

**A Professional Law Corporation**

Exhibit "A" - Page 43

September 28, 2021
Page -2-
_____

    We now return to you the documents mentioned in your letters to be served on Noble Drilling Services, Inc. and Noble Drilling Holdings, LLC at the addresses listed above.

                Yours very truly,

                s/Lawrence N. Curtis

LNC:dau
Enclosures



LAFPC.CV.63123590

Requested by Atty.:  CURTIS, LAWRENCE N

# CITATION

**YURY REMEDIO**

**VS**

**NOBLE DRILLING US LLC, ET AL**

**15TH JUDICIAL DISTRICT COURT**

**DOCKET NUMBER: C-20214699 A**

**PARISH OF LAFAYETTE, LOUISIANA**

**STATE OF LOUISIANA**

**TO:**   **NOBLE DRILLING SERVICES, INC.
THROUGH ITS STATUTORY AGENT
FOR SERVICE OF PROCESS:
HON. R. KYLE ARDOIN,
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA**

SERVED ON
R. KYLE ARDOIN

SEP 2 2 2021

SECRETARY OF STATE
COMMERCIAL DIVISION

SERVICE COPY

of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this SEPTEMBER 13, 2021.

_____
Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:
PETITION FOR DAMAGES**

SHERIFF'S RETURN

LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____  TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE        MOVED ( )        NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE  ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____   MILEAGE $_____   TOTAL $_____

DEPUTY _____

Lafayette Parish
Filed Sep 13, 2021 9:41 AM
Simone Vaughan
Deputy Clerk of Court
FAX Received Sep 10, 2021

C-20214699
A

FIFTEENTH JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

STATE OF LOUISIANA

YURY REMEDIO

VERSUS                                            DOCKET NO:

NOBLE DRILLING (U.S.), LLC,
NOBLE DRILLING SERVICES, INC.,
NOBLE DRILLING HOLDING, LLC,
NOBLE LEASING II (SWITZERLAND)
GmbH, SHELL OIL COMPANY,
and SHELL OFFSHORE, INC.
*************************************************************************

## PETITION FOR DAMAGES

COMES NOW, Yury Remedio ("Remedio") petitioning against Noble Drilling (U.S.), LLC,

Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH,

(hereinafter sometimes collectively referred to as the "Noble Defendants"), Shell Oil Company, and

Shell Offshore, Inc. (hereinafter sometimes collectively referred to as the "Shell Defendants") and,

for cause of action, Remedio would respectfully represent and show unto this Honorable Court, as

follows:

### JURISDICTION

1.      That, this action is brought under 33 U.S.C. § 905(b) of LHWCA as modified by the

General Maritime Law of the United States. This Court has exclusive jurisdiction of this civil action

under the savings to suitors clause contained in  28 U.S.C. § 1333 which proceeds from Section 9

of the Judiciary Act of 1789.

### VENUE

2.      That, venue is proper under Article 42 of the Louisiana Code of Civil Procedure,

especially Article 42 (5) of the Louisiana Code of Civil Procedure .

### PLAINTIFF

3.      That, Remedio, age 48, is a person of the full age of majority and a resident of

Lafayette, Lafayette Parish, Louisiana.

4.      That, at all times mentioned hereinafter, Remedio was employed by Advanced Tool

& Supply, LLC of Broussard, Louisiana ("ATS").  Remedio was an offshore technician working in

the Gulf of Mexico, off the Louisiana coast aboard the *GLOBETROTTER II* .  Remedio was earning,

Certified True and
Correct Copy
CertID: 2021091300098

M Clotiaup

Lafayette Parish
Deputy Clerk of Court

Generated Date:
9/13/2021 10:29 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Exhibit "A" - Page 46

FIFTEENTH JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

STATE OF LOUISIANA

YURY REMEDIO

VERSUS                                                      DOCKET NO:

NOBLE DRILLING (U.S.), LLC,
NOBLE DRILLING SERVICES, INC.,
NOBLE DRILLING HOLDING, LLC,
NOBLE LEASING II (SWITZERLAND)
GmbH, SHELL OIL COMPANY,
and SHELL OFFSHORE, INC.
*************************************************************************

## PETITION FOR DAMAGES

COMES NOW, Yury Remedio ("Remedio") petitioning against Noble Drilling (U.S.), LLC,

Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH,

(hereinafter sometimes collectively referred to as the "Noble Defendants"), Shell Oil Company, and

Shell Offshore, Inc. (hereinafter sometimes collectively referred to as the "Shell Defendants") and,

for cause of action, Remedio would respectfully represent and show unto this Honorable Court, as

follows:

### JURISDICTION

1.      That, this action is brought under 33 U.S.C. § 905(b) of LHWCA as modified by the

General Maritime Law of the United States.  This Court has exclusive jurisdiction of this civil action

under the savings to suitors clause contained in  28 U.S.C. § 1333 which proceeds from Section 9

of the Judiciary Act of 1789.

### VENUE

2.      That, venue is proper under Article 42 of the Louisiana Code of Civil Procedure,

especially Article 42 (5) of the Louisiana Code of Civil Procedure .

### PLAINTIFF

3.      That, Remedio, age 48, is a person of the full age of majority and a resident of

Lafayette, Lafayette Parish, Louisiana.

4.      That, at all times mentioned hereinafter, Remedio was employed by Advanced Tool

& Supply, LLC of Broussard, Louisiana ("ATS").  Remedio was an offshore technician working in

the Gulf of Mexico, off the Louisiana coast aboard the *GLOBETROTTER II* .  Remedio was earning,

and had the capacity to earn in excess of $150,000.00 per year, plus found and fringe benefits.

**DEFENDANTS**

5.      Noble Drilling (U.S.), LLC is thought to be a foreign limited liability company, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas, but it is licensed to do and doing business in this State, with its designated principal Louisiana business establishment located at 3867 Plaza Tower Dr., Baton Rouge, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

6.      Noble Drilling Services, Inc. is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas. However, unlike Noble Drilling (U.S.), LLC it is neither licensed to do business, nor it appointed an agent for service of process in this State in the manner provided by law. Although it does business in this State and it may be cited to appear and answer herein by serving its statutory agent for service of process; namely, Hon. R. Kyle Ardoin, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana.

7.      Noble Drilling Holding, LLC is thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas. However, unlike Noble Drilling (U.S.), LLC it is neither licensed to do business, nor it appointed an agent for service of process in this State in the manner provided by law. Although it does business in this State and it may be cited to appear and answer herein by serving its statutory agent for service of process; namely, Hon. R. Kyle Ardoin, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana.

8.      Noble Leasing II (Switzerland) GmbH is thought to be a corporation, or other business entity, organized and existing by virtue of the laws of Switzerland.  In consequence, it may be cited to appear and answer herein by service of process through the provisions of the Hague Convention.

9.      Shell Oil Company is thought to be a foreign corporation organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Houston, Texas, but it is licensed to do and doing business in this State, with its designated principal Louisiana business establishment located at 3867 Plaza Tower Dr., Baton Rouge, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely,

CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

10.    Shell Offshore, Inc. is thought to be a foreign corporation organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Houston, Texas, but it is licensed to do and doing business in this State, with its designated principal Louisiana business establishment located at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

## THE DRILLSHIP - *GLOBETROTTER II*

11.    That, at all times relevant herein, the Noble Defendants owned, operated, manned, managed, and controlled the ultra-deepwater drillship *NOBLE GLOBETROTTER II ("GLOBETROTTER II")*. In the alternative, at all times relevant herein, the Shell Defendants managed and controlled the *GLOBETROTTER II*. In the further alternative, at all times relevant herein, the Noble Defendants and the Shell Defendants jointly managed and controlled the *GLOBETROTTER II*. The *GLOBETROTTER II* is a drillship, 620 feet in length, 105 feet in breadth, and 62 feet in depth as shown in Exhibit "A" below.



Exhibit "A"

## FACT OF THE CASE

12.    That, it has become necessary to institute this civil action as a result of injuries and damage suffered by Remedio on Saturday, August 28, 2021 as a consequence of the negligence, negligence *per se,* carelessness, and omission of duty, as well as the recklessness, gross negligence, and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert including, but not limited to, the conscious decisions made by the Noble and Shell Defendants in the days leading up to and during Hurricane Ida - - one of the most powerful and damaging hurricanes to ever strike the United States. Although Hurricane Ida made landfall along the Southeast Louisiana coast on Sunday, August 29, 2021, numerous around-the-clock warnings

were issued days in advance about the storm's gathering strength. To explain.  In the days before Saturday, August 28, 2021, the National Weather Service, the National Hurricane Center and the European Hurricane Model pin-pointed Hurricane Ida's probable landfall to be along the Louisiana coast between Morgan City, Louisiana and Grand Isle, Louisiana. As projected, Hurricane Ida made landfall in Southeast Louisiana, near Port Fourchon with sustained winds of 150 mph., gusting to 165 mph.

13.     That, at all times mentioned herein, the *GLOBETROTTER II* was working in the Gulf of Mexico, off the Louisiana coast for the benefit of, and at the direction of, the Noble and Shell Defendants. In the days leading up to Saturday, August 28, 2021,  Hurricane Ida entered the Gulf of Mexico taking direct aim at the Southeast Louisiana coast. Unfortunately for the *GLOBETROTTER II* and her crew, neither the Noble Defendants, nor the Shell Defendants cared about the catastrophic hazards posed to the *GLOBETROTTER II* and her crew members. On August 28, 2021, Remedio was aboard the *GLOBETROTTER II* in the Gulf of Mexico. Despite the undeniable path of Ida , the Noble and Shell Defendants continued to operate the *GLOBETROTTER II* in direct defiance and willful disregard of all weather information made available to the *GLOBETROTTER II* , as well as the broadcasted weather information made available to mariners by the National Weather Service and the National Hurricane Center.

14.     That, in the hours before Hurricane Ida's arrival at the place where the *GLOBETROTTER II* was then located in the Gulf of Mexico, the *GLOBETROTTER II* unlatched from its sub-sea drilling activities and headed directly into the approaching storm. The Noble and Shell Defendants placed the *GLOBETROTTER II* on a collision course with Hurricane Ida -- within ten (10) miles of her eyewall.  The *GLOBETROTTER II* and her crew were exposed to 150 mph. winds, gusting up to 165 mph. and 80- 95 foot sea swells. On board the *GLOBETROTTER II*, the sea conditions tossed the crew around like rag dolls – men were crying and hollering. The *GLOBETROTTER II* was swaying so severely from side-to-side that her crew was forced to walk on her walls, rather than the interior walkways. The sway was so extreme that the *GLOBETROTTER II* almost capsized several times. The entire crew believed they were going to die.

15.     That, the injuries suffered by Remedio were cause by the legal fault, negligence, negligence *per se,* carelessness, and omission of duty, as well as by the recklessness, gross negligence and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert, without any legal fault, negligence, carelessness or omission of duty on

the part of Remedio, causing or contributing in any way thereto.

16.     That, the legal fault, negligence, negligence *per se,* carelessness, and omission of duty, as well as the recklessness, gross negligence and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert, consisted of the following acts and omissions:

a.     in failing to instruct, train, and supervise the crew of the *GLOBETROTTER II* or, in the alternative, in failing to adequately instruct, train, and supervise the crew of the *GLOBETROTTER II*;

b.     in that the *GLOBETROTTER II* was not in charge of a competent person and crew;

c.     in failing to timely and seasonably order the *GLOBETROTTER II* to move off its drilling location and out of the path of Hurricane Ida;

d.     in failing to timely and seasonably move the *GLOBETROTTER II* off its drilling location and out of the path of Hurricane Ida;

e.     in failing to promulgate, adopt, and enforce safety practices, safety policies, and safety procedures concerning hazard mitigation during a hurricane or, in the alternative, in failing to promulgate, adopt, and enforce adequate safety practices, safety policies, and safety procedures concerning hazard mitigation during a hurricane;

f.     in failing to timely and seasonably evacuate the *GLOBETROTTER II* of all nonessential personnel well in advance of the approach of Hurricane Ida;

g.     in failing to insist that the *GLOBETROTTER II* be brought into the nearest port, before she was hit by Hurricane Ida.

h.     in violating applicable United States Coast Guard, and BSEE regulations.

17.     That, by reason of the legal fault, negligence, negligence *per se*, carelessness and omission of duty, as well as the recklessness, gross negligence and willful and wanton conduct on the part of the Noble and Shell Defendants, either acting alone or in concert, Remedio sustained serious and potentially permanent injuries to his body and mind, the full extent of which has not yet been determined. More particularly, Remedio has been caused and may be caused to suffer in the future – physical pain; mental suffering including fear, anxiety, humiliation and embarrassment; a loss of wages, medical expenses, and a loss of enjoyment of life.

18.     That, this civil action is also brought and maintained by Remedio for punitive damages, because the Noble and Shell Defendants, acted, either alone or in concert, with wilful and wanton disregard of Remedio's rights to, among other things, a safe work place. To be sure, the Noble and Shell Defendants were well aware of the grave danger to human life presented by the Hurricane Ida to the area of the Gulf of Mexico where the *GLOBETROTTER II* and her crew were

working, but did absolutely nothing to eliminate or mitigate those hazards.  Instead, the Noble and

Shell Defendants ignored the grave hazard to human life presented by Hurricane Ida and ordered the

*GLOBETROTTER II* crew members to continue working.  The acts and omissions on the part of the

Noble and Shell Defendants involved a callous disregard for Remedio's safety due to the extreme

degree of danger considering the probability and magnitude of potential harm to human life.

Moreover, the Noble and Shell Defendants had actual, subjective knowledge of the extreme risk of

harm to human life involved, and consciously disregarded the risk by ordering that the crew of the

*GLOBETROTTER II* to continue to work.

## JURY DEMAND

19.    Remedio is entitled to and demands a trial by jury.

WHEREFORE,  Remedio prays that Defendants, Noble Drilling (U.S.), LLC, Noble

Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH, Shell

Oil Company, and Shell Offshore, Inc. be served with a copy of this, Remedio's, Petition for

Damages and that these Defendants be cited to appear and answer herein; and that after the lapse of

all legal delays and due proceedings had, there be judgment in favor of Remedio and against these

Defendants, in an amount reasonable in the premises, together with legal interest  and for all costs

of these proceedings

LAWRENCE N. CURTIS, LTD.
(A Professional Law Corporation)
300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone: (337) 235-1825
Facsimile: (337) 237-0241
E-mail: denise@larrycurtis.com

BY: _____
      LAWRENCE N. CURTIS (4678)

**PLEASE SERVE:**

Noble Drilling (U.S.), LLC
through its registered agent
for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana

Noble Drilling Services, Inc.
through its statutory agent
 for service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Drilling Holding, LLC
through its statutory agent
 for service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Leasing II (Switzerland) GmbH
Hague Convention Service

Shell Oil Company
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana.

Shell Offshore, Inc.
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana

FIFTEENTH JUDICIAL DISTRICT COURT

PARISH OF LAFAYETTE

STATE OF LOUISIANA

YURY REMEDIO

VERSUS                                          DOCKET NO:

NOBLE DRILLING (U.S.), LLC,
NOBLE DRILLING SERVICES, INC.,
NOBLE DRILLING HOLDING, LLC,
NOBLE LEASING II (SWITZERLAND)
GmbH, SHELL OIL COMPANY,
and SHELL OFFSHORE, INC.
*************************************************************************

## **REMEDIO'S  FIRST SET OF WRITTEN DISCOVERY**

TO:    Noble Drilling (U.S.), LLC
       through its registered agent
        for service of process:
       C T Corporation System
       3867 Plaza Tower Dr.
       Baton Rouge, Louisiana.

       Noble Drilling Services, Inc.
       through its statutory agent
       for service of process:
       Hon. R. Kyle Ardoin,
       Louisiana Secretary of State
       8585 Archives Avenue
       Baton Rouge, Louisiana

       Noble Drilling Holding, LLC
       through its statutory agent
       for service of process:
       Hon. R. Kyle Ardoin,
       Louisiana Secretary of State
       8585 Archives Avenue
       Baton Rouge, Louisiana

       Noble Leasing II (Switzerland) GmbH
       through the provisions of the Hague Convention.

       Shell Oil Company
       through its registered agent
        for service of process:
       C T Corporation System
       3867 Plaza Tower Dr.
       Baton Rouge, Louisiana.

       Shell Offshore, Inc.
       through its registered agent
        for service of process:
       C T Corporation System
       3867 Plaza Tower Dr.
       Baton Rouge, Louisiana

## DEFINITIONS

A.      Whenever the words "the incident" are underlined in these Interrogatories, Requests for Production, or Request for Production of Things they refer to the event more fully described in in the Petition for Damages.

B.      Whenever the word "identify" is underlined in these Interrogatories, Requests for Production, or Request for Production of Things and used in reference to an individual person, it refers to and requires the following information: the full name, present home address, if known, home telephone number, and his/her present position and business affiliation.

C.      Whenever the word "identify" is underlined in these Interrogatories, Requests for Production, or Request for Production of Things and is used in reference to a person other than an individual, it refers to and requires the following information: whether such entity is a corporation, partnership, or other organization, and the name, present and last known address, and principal place of business and telephone number.

D.      Whenever the words "you" "your," or "your company" are underlined in these Interrogatories, Requests for Production, or Request for Production of Things they refer to Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH,  Shell Oil Company, Shell Offshore, Inc. and any of its/their subsidiaries, affiliates and merge acquired predecessors.

E.      Whenever the words "document," or "documents" are underlined in these Interrogatories, Requests for Production, or Request for Production of Things, they refer to and mean all paper material of any kind, whether written, typed, printed, punched, filmed, or marked in any way; recording tapes or wires; films; photographs, movies; or any graphic matter, however produced or reproduced; and all mechanical or electronic sound recordings or transcripts thereof.

F.      Whenever the word "identify" is underlined in these Interrogatories, Requests for Production, or Request for Production of Things, and is used in reference to a document, it refers to and requires the following information: the date, the author (or, if different, the signer or signers), the addressee, type of document (e.g., letter, memorandum telegram, chart, etc.), and any other means of identifying it with sufficient particularity to meet the requirements for its inclusion in a motion for production. If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition. In lieu of identifying any document, a true and correct copy thereof may be annexed to and incorporated in the

answers to these Interrogatories.

**INSTRUCTIONS:**

A.     If you refuse to answer any Interrogatory or Requests for Production, in whole or in part, describe the basis for your refusal to answer or respond, including any claim of privilege, in sufficient detail so as to permit the court to adjudicate the validity of your refusal, and identify each document and oral communication for which a privilege is claimed.

B.     Pursuant to the Louisiana Code of Civil Procedure, Plaintiff requests that you supplement all answers to these Interrogatories and all responses to these Requests for Production. You are, accordingly, under a continuing duty to reasonably supplement your answers and responses if you learn that the answers and responses are in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process, or in writing.

C.     Lost or destroyed documents.  If any document requested  herein was at one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

a.     The type of document;

b.     Its date;

c.     The date or approximate date is was lost, discarded or destroyed;

d.     The circumstances and manner in which it was lost, discarded or destroyed;

e.     The reason and reasons for disposing of the document (if discarded or destroyed);

f.     The identify of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

g.     The identity of the person(s) who lost, discarded or destroyed the document;

h.     The identity of all persons having knowledge of the contents thereof; and

i.     A brief, but complete description of the contents of said document.

## FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify[1] each and every individual who furnished any information whatsoever in order to formulate your[2] Answers to these Interrogatories.

### INTERROGATORY NO. 2:

If in Answer to Interrogatory No. 1, you[3] have named more than one individual, then as to each, please identify, by number, the particular Interrogatory or Interrogatories to which he or she furnished the information used to formulate your[4] Answer(s).

### INTERROGATORY NO. 3:

Please identify[5] each and every individual who searched for the documents[6], data compilations, or tangible things made the subject of Plaintiff's First Request for Production of Documents and your[7] Response thereto.

### INTERROGATORY NO. 4:

If in Answer to Interrogatory No. 3, you[8] have named more than one individual, then as to each, please identify, by number, the particular Request or Requests, he or she was tasked with the responsibility to identify[9] the location of, and assemble, all documents[10], data compilation, or tangible thing returned with your[11] written response to Plaintiff's First Request for Production of Documents.

-----

[1]  Please see Definitions, Part "B".

[2]  Please see Definitions, Part "D".

[3]  Please see Definitions, Part "D".

[4]  Please see Definitions, Part "D".

[5]  Please see Definitions, Part "B".

[6]  Please see Definitions, Part "E".

[7]  Please see Definitions, Part "D".

[8]  Please see Definitions, Part "D".

[9]  Please see Definitions, Part "F".

[10]  Please see Definitions, Part "E".

[11]  Please see Definitions, Part "D".

**INTERROGATORY NO. 5:**

Please identify[12] each and every document[13], data compilation, or tangible thing known to you[14], your[15] employees, your[16] agents, or your[17] attorneys, to be relevant to any of the claims presented by Yuri Remedio in this action.

**INTERROGATORY NO. 6:**

Please identify[18] each and every individual you[19] "will call" or "may call" as a witness at the trial of this action including, but not limited to, any individual you[20] "will call" or "may call" as a rebuttal witness or as an impeachment witness and as to each individual so identified by you[21] in Answer to this Interrogatory, please state, with particularity, the subject matter of the testimony to be given by each such witness.

**INTERROGATORY NO. 7:**

Please list and specify, with particularity, each and every exhibit you[22] "will" or "may" offer at the trial of this matter, including each and every exhibit you[23] "will" or "may" offer in rebuttal or impeachment and the purpose for which each exhibit "will" or "may" be offered.

**INTERROGATORY NO. 8:**

Please identify[24] each and every expert or other individual from whom you[25] may elicit opinion evidence at the trial of this matter.

---

[12] Please see Definitions, Part "F".

[13] Please see Definitions, Part "E".

[14] Please see Definitions, Part "D".

[15] Please see Definitions, Part "D".

[16] Please see Definitions, Part "D".

[17] Please see Definitions, Part "D".

[18] Please see Definitions, Part "B".

[19] Please see Definitions, Part "D".

[20] Please see Definitions, Part "D".

[21] Please see Definitions, Part "D".

[22] Please see Definitions, Part "D".

[23] Please see Definitions, Part "D".

[24] Please see Definitions, Part "B".

[25] Please see Definitions, Part "D".

**INTERROGATORY NO. 9:**

Pursuant to the requirements of Article 1425 of the Louisiana Code of Civil Procedure, for each expert identified in answer to the preceding Interrogatory, please separately state the following:

     a)     The subject matter on which each such expert is expected to testify;

     b)     The substance of facts and opinions on which each such expert is expected to testify; and,

     c)     A summary of the grounds for each opinion about which each such expert witness is expected to testify.

**INTERROGATORY NO. 10:**

Please state when the accident/injuries claimed by Yury Remedio in this action, first came to your[26] attention, by whom it was reported, and to whom it was reported.

**INTERROGATORY NO. 11:**

Please identify[27] each and every individual known by you[28], your[29] employees, your[30] agents, or your[31] attorneys to be an eyewitness to the August 28, 2021 accident claimed by Yury Remedio in this action.

**INTERROGATORY NO. 12:**

Please identify[32] each and every individual known, or believed by you[33], your[34] employees, your[35] agents, or your[36] attorneys to have been within sight or hearing of the August 28, 2021 accident claimed by Yury Remedio in this action.

---

[26] Please see Definitions, Part "D".

[27] Please see Definitions, Part "B", Part "C" or Part "F".

[28] Please see Definitions, Part "D".

[29] Please see Definitions, Part "D".

[30] Please see Definitions, Part "D".

[31] Please see Definitions, Part "D".

[32] Please see Definitions, Part "B".

[33] Please see Definitions, Part "D".

[34] Please see Definitions, Part "D".

[35] Please see Definitions, Part "D".

[36] Please see Definitions, Part "D".

**INTERROGATORY NO. 13:**

Please identify[37] each and every individual in your[38] employ, or in the employ of any third party, known, or believed by you[39], your[40] employees, your[41] agents, or your[42] attorneys, to have seen, heard, or to know anything about the August 28, 2021 accident claimed by Yury Remedio in this action.

**INTERROGATORY NO. 14:**

Please identify[43] each and every individual interviewed by your[44] employees, your[45] agents, or your[46] attorneys concerning the August 28, 2021 accident claimed by Yury Remedio in this action and provide the date each interview was conducted.

**INTERROGATORY NO. 15:**

Please identify[47] each and every individual from whom you[48], your[49] employees, your[50] agents, or your[51] attorneys obtained a statement - - whether it be an oral statement, a written statement, or a recorded statement - - concerning any claim made, or defense asserted, by any party, to this action and provide the date each statement was obtained.

---

[37] Please see Definitions, Part "B".

[38] Please see Definitions, Part "D".

[39] Please see Definitions, Part "D".

[40] Please see Definitions, Part "D".

[41] Please see Definitions, Part "D".

[42] Please see Definitions, Part "D".

[43] Please see Definitions, Part "B".

[44] Please see Definitions, Part "D".

[45] Please see Definitions, Part "D".

[46] Please see Definitions, Part "D".

[47] Please see Definitions, Part "B".

[48] Please see Definitions, Part "D".

[49] Please see Definitions, Part "D".

[50] Please see Definitions, Part "D".

[51] Please see Definitions, Part "D".

**INTERROGATORY NO. 16:**

Please identify[52] each and every document[53], which is, or has been, in your[54] custody, or the custody of your[55] employees, your[56] agents, or your[57] attorneys, regardless of its nature, which carries, or purports to carry, an original or facsimile of Yury Remedio signature.

**INTERROGATORY NO. 17:**

Please identify[58] each and every individual known to you[59], your[60] employees, your[61] agents, or your[62] attorneys who have, or who will, in the future, photograph or videotape any person, object, or thing concerning any claim made, or defense asserted, by any party, to this action.

**INTERROGATORY NO. 18:**

Please identify[63] each and every insurance business which may be liable to satisfy, indemnify, or reimburse, any party, for all or part of any possible judgement in this action.

**INTERROGATORY NO. 19:**

If you[64] believe, or have reason to believe, that Yury Remedio conduct, either caused or contributed, in any way, to the accident he claims in this action, please state separately and fully,

---

[52]   Please see Definitions, Part "F".

[53]   Please see Definitions, Part "E".

[54]   Please see Definitions, Part "D".

[55]   Please see Definitions, Part "D".

[56]   Please see Definitions, Part "D".

[57]   Please see Definitions, Part "D".

[58]   Please see Definitions, Part "B".

[59]   Please see Definitions, Part "D".

[60]   Please see Definitions, Part "D".

[61]   Please see Definitions, Part "D".

[62]   Please see Definitions, Part "D".

[63]   Please see Definitions, Part "C".

[64]   Please see Definitions, Part "D".

each, every, and all facts known to you[65], your[66] employees, your[67] agents, or your[68] attorneys which supports, or tends to support this belief.

**INTERROGATORY NO. 20:**

If you[69] believe that Yury Remedio failed to obey one or more of your[70] safety, or operating rules, regulations, or recommendations, which you[71] believe, either caused or contributed, in any way, to August 28, 2021 accident claimed by Yury Remedio in this action, please identify[72] each and every safety, or operating rule, regulation, or recommendation which you[73] believe, or have reason to believe, he violated. [This Interrogatory requires that you[74] set forth in your[75] answer to this Interrogatory the precise language of each and every rule, regulation, or recommendation which you[76] believe, or have reason, believe Yury Remedio failed to obey.]

**INTERROGATORY NO. 21:**

If you[77] believe, or have any reason to believe, that any act, or omission, of any person, partnership, or corporation not presently a party to this action caused, either in whole, or in part, the August 28, 2021 accident claimed by Yury Remedio in this action, please state each, every, and all facts known by you[78] which supports or tends to support this belief.

---

[65] Please see Definitions, Part "D".

[66] Please see Definitions, Part "D".

[67] Please see Definitions, Part "D".

[68] Please see Definitions, Part "D".

[69] Please see Definitions, Part "D".

[70] Please see Definitions, Part "D".

[71] Please see Definitions, Part "D".

[72] Please see Definitions, Part "F".

[73] Please see Definitions, Part "D".

[74] Please see Definitions, Part "D".

[75] Please see Definitions, Part "D".

[76] Please see Definitions, Part "D".

[77] Please see Definitions, Part "D".

[78] Please see Definitions, Part "D".

**INTERROGATORY NO. 22**:

Please state whether you[79] intent to reconstruct, recreate, or re-enact the August 28, 2021 accident claimed by Yury Remedio in this action.  If so, please identify[80] the date, time, and place, as well as the identity of all persons who will be present for the reconstruction, recreation, or re-enactment of the incident[81].

**INTERROGATORY NO. 23**:

Are you[82], your[83] employees, your[84] agents, or your[85] attorneys, or anyone acting for you[86] or on your[87] behalf withholding information made the subject of these interrogatories, or these requests for production based on a claim of privilege?  If so, please describe the nature of the documents[88] not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable others to assess the applicability of the privilege or protection.

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Please identify[89] each and every individual employed by you[90] assigned to work aboard the *NOBLE GLOBETROTTER II* for the period between August 15, 2021 and September 15, 2021, including the full name, home address, and home telephone number of each and every individual employed by you[91] working on the *NOBLE GLOBETROTTER II.*

---

[79]   Please see Definitions, Part "D".

[80]   Please see Definitions, Part "B".

[81]   Please see Definitions, Part "A".

[82]   Please see Definitions, Part "D".

[83]   Please see Definitions, Part "D".

[84]   Please see Definitions, Part "D".

[85]   Please see Definitions, Part "D".

[86]   Please see Definitions, Part "D".

[87]   Please see Definitions, Part "D".

[88]   Please see Definitions, Part "E".

[89]   Please see Definitions, Part "B".

[90]   Please see Definitions, Part "D".

[91]   Please see Definitions, Part "D".

**REQUEST FOR PRODUCTION NO 2:**

Any and all log books, of any type or kind (i.e. captain's log, crane operator logs, deck logs, vessel logs, IADC drilling reports, morning reports, medic's log, sign-in log, sign-out log, etc.) - - rough and smooth - - concerning the work then and there in progress aboard the *NOBLE GLOBETROTTER II* for the period between August 15, 2021 and September 15, 2021. [This Request contemplates that you[92] will produce the log books, etc., rough and smooth, in the manner in which they are regularly kept and maintained by your company[93]. In the event, that you[94] are unable to provide copies of these documents[95] in the manner in which they are regularly kept and maintained, please communicate with the office of undersigned counsel and arrangements will be made for commercial copying of same, so that undersigned counsel will have in his possession these records as they are regularly kept and maintained by your company[96].]

**REQUEST FOR PRODUCTION NO 3:**

Any and all incident/accident reports including, the original hand-written accident report concerning the incident[97]. [This Request contemplates the production of each and every accident report concerning the incident[98], together with all attachments, addendums, statements, job safety analysis forms, etc. in your[99] possession, in your[100] custody, or under your[101] control, even if the said accident report was not completed by you[102] or your company[103].]

**REQUEST FOR PRODUCTION NO. 4:**

Any and all and each and every "Employer's First Report of Accident or Occupational Illness"

---

[92]  Please see Definitions, Part "D".

[93]  Please see Definitions, Part "D".

[94]  Please see Definitions, Part "D".

[95]  Please see Definitions, Part "E".

[96]  Please see Definitions, Part "D".

[97]  Please see Definitions, Part "A".

[98] P  Please see Definitions, Part "A".

[99]  Please see Definitions, Part "D".

[100]  Please see Definitions, Part "D".

[101]  Please see Definitions, Part "D".

[102]  Please see Definitions, Part "D".

[103]  Please see Definitions, Part "D".

or any other document[104], record, letter, memorandum or other writing which would constitute a report concerning the incident[105].

**REQUEST FOR PRODUCTION NO. 5:**

Any and all and each and every document[106], of any type or kind, submitted by your company[107] to, or received by your company[108] from the United States Coast Guard (USCG 2692- Report of Marine Accident, Injury or Death), Bureau of Ocean Energy Management (BOEM), Bureau of Safety and Environmental Enforcement (BSEE), the Occupational Safety and Health Administration (OSHA), or any other federal, state or local agency concerning the incident.[109]

**REQUEST FOR PRODUCTION NO. 6:**

Photographs of the *NOBLE GLOBETROTTER II*, whether or not taken in connection with the incident[110] or in connection with this action.

**REQUEST FOR PRODUCTION NO. 7:**

All photographs of the accident scene, whether or not taken in connection with this action.

**REQUEST FOR PRODUCTION NO. 8:**

The plan diagrams, as designed and as built, of the *NOBLE GLOBETROTTER II*.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all photographs, slides, or moving pictures, diagrams, blueprints, or sketches which were made by you[111], your[112] employees, your[113] agents, your[114] attorneys, or by anyone else in connection with your[115] investigation of the incident claimed by Yury Remedio to have occurred on

---

[104]   Please see Definitions, Part "E".

[105]   Please see Definitions, Part "A".

[106]   Please see Definitions, Part "E".

[107]   Please see Definitions, Part "D".

[108]   Please see Definitions, Part "D".

[109]   Please see Definitions, Part "A".

[110]   Please see Definitions, Part "A".

[111]   Please see Definitions, Part "D".

[112]   Please see Definitions, Part "D".

[113]   Please see Definitions, Part "D".

[114]   Please see Definitions, Part "D".

[115]   Please see Definitions, Part "D".

August 28, 2021 while working as a crew member aboard the *NOBLE GLOBETROTTER II* including, but not limited to, any and all photographs, slides, or moving pictures, diagrams, blueprints, or sketches made you[116], your[117] employees, your[118] agents, your[119] attorneys, or anyone acting for you[120], or on your[121] behalf of the *NOBLE GLOBETROTTER II* including the accident scene involved in the work accident Yury Remedio claims he suffered on August 28, 2021.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce certified copies of the following policies of insurance issued to your company[122] in effect between August 15, 2021 and September 15, 2021, including all terms, conditions, provisions, endorsements, amendments, exclusions, addendums, cover notes, declaration sheets, and any and all other attachments or exhibits affixed thereto or incorporated therein of whatever nature:

- any Comprehensive General Liability policy(ies);

- any Bumbershoot policy(ies);

- any Umbrella policy(ies);

- any Excess Marine policy(ies);

- any Charterer's Liability policy(ies);

- any Ship Repairer's Legal Liability policy(ies);

- any Excess policy(ies) excess of the primary Comprehensive General liability policy;

- any Marine Package policy(ies);

- any Director's and Officer's Liability policy(ies);

- any other policy(ies) of insurance providing coverage for the operation of the *NOBLE GLOBETROTTER II.*

---

[116] Please see Definitions, Part "D".

[117] Please see Definitions, Part "D".

[118] Please see Definitions, Part "D".

[119] Please see Definitions, Part "D".

[120] Please see Definitions, Part "D".

[121] Please see Definitions, Part "D".

[122] Please see Definitions, Part "D".

**REQUEST FOR PRODUCTION NO. 11:**

Any and all statements, in any form, obtained from Yury Remedio concerning the incident[123].

[This Request contemplates the production of a duplicate copy of each and every cassette recording which may have memorialized each and every statement obtained from this Plaintiff.]

**REQUEST FOR PRODUCTION NO. 12:**

Any and all statements taken on the day of the incident[124],or within seventy-two hours of the incident[125], in any form, obtained from any person regarding any facts pertinent to the incident[126]. [The word "statements" includes statements which are either handwritten, typewritten or recorded.]

**REQUEST FOR PRODUCTION NO. 13:**

Any and all recorded statements taken from any person regarding any facts pertinent to the incident[127].

**REQUEST FOR PRODUCTION NO. 14:**

Any and all written statements obtained from any person regarding any facts pertinent to the incident[128].

**REQUEST FOR PRODUCTION NO. 15:**

Your[129] (a) Safety Manual, (b) HS&E Manual, (c) SEMS Manual, (d) Safety Systems Manual, (e) Operations Manual, (f) Safety Training Manual, (g) Job Safety Analysis Manual, (h) Root Cause Analysis Manual, and (i) Environmental, Safety and Health Manual, in effect on the day, and at the time of the incident[130], as well as in effect at the time of your[131] Response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all pre-job safety meeting reports or pre-shift safety meeting minutes prepared in

---

[123]   Please see Definitions, Part "A".

[124]   Please see Definitions, Part "A".

[125]   Please see Definitions, Part "A".

[126]   Please see Definitions, Part "A".

[127]   Please see Definitions, Part "A".

[128]   Please see Definitions, Part "A".

[129]   Please see Definitions, Part "D".

[130]   Please see Definitions, Part "A".

[131]   Please see Definitions, Part "D".

connection with your[132] work on, with, and/or aboard the *NOBLE GLOBETROTTER II* for the period thirty (30) days before and thirty (30) days after August 28, 2021.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all company safety or operating rules, regulations, or recommendations which you[133] believe, or have reason to believe, were breached by Yury Remedio which either caused, or contributed, in any way, to the occurrence of the incident[134] claimed by Yury Remedio in this action.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all hospital records, medical reports or other such documents[135] in your[136] possession, in your[137] custody, or under your[138] control, concerning Yury Remedio, which relate to any accident, or injury claimed by Yury Remedio while in your[139] employ.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all communications, of any type or kind, including letters, telefax communications, or e-mail communications sent or received by anyone in your[140] employ concerning the August 28, 2021 accident claimed by Yury Remedio in this action.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all contracts by and between your company[141] and any individual or business concern concerning, or relating in anyway to the work which was being performed by your company[142] on the date, time and place of the incident[143]:

---

[132] Please see Definitions, Part "D".

[133] Please see Definitions, Part "D".

[134] Please see Definitions, Part "A".

[135] Please see Definitions, Part "E".

[136] Please see Definitions, Part "D".

[137] Please see Definitions, Part "D".

[138] Please see Definitions, Part "D".

[139] Please see Definitions, Part "D".

[140] Please see Definitions, Part "D".

[141] Please see Definitions, Part "D".

[142] Please see Definitions, Part "D".

[143] Please see Definitions, Part "A".

- any and all contracts by and between <u>your company</u>[144] and any other company in force and effect, on the date of, at the time of, and at the place of, <u>the incident</u>[145], concerning the lease, charter, etc. of the *NOBLE GLOBETROTTER II*.

- any and all Master Service Contracts, with all Attachments and Addendums, between <u>your company</u>[146] and any individual or business concern relating in any way to the work being performed on the date of, at the time of, and the place of, <u>the incident</u>[147].

- any and all contracts by and between <u>your company</u>[148] and any individual or business concern, in force and effect on the date of, at the time of, and at the place of, <u>the incident</u>[149], concerning the operation, management, maintenance or repair of the *NOBLE GLOBETROTTER II*.

## REQUEST FOR PRODUCTION NO. 21:

Any and all surveillance photographs or surveillance films of any Plaintiff to this action.

## REQUEST FOR PRODUCTION NO. 22:

Any and all <u>documents</u>[150] of any type or kind constituting impeachment evidence, whether or not said <u>documents</u>[151] relate to the anticipated testimony of this Plaintiff, or as to the anticipated testimony of any witness to this action.

## REQUEST FOR PRODUCTION NO. 23:

Any and all films, photographs, movies, models (scale or otherwise), computer graphics, computer models or computer animations, computer generated photographs, computer generated films or recreations made in connection with any reconstructions, recreations or re-enacts of <u>the incident</u>[152].

---

[144]   Please see Definitions, Part "D".

[145]   Please see Definitions, Part "A".

[146]   Please see Definitions, Part "D".

[147]  Please see Definitions, Part "A".

[148]   Please see Definitions, Part "D".

[149]   Please see Definitions, Part "A".

[150]   Please see Definitions, Part "E".

[151]   Please see Definitions, Part "E".

[152]   Please see Definitions, Part "A".

**REQUEST FOR PRODUCTION NO. 24:**

Any and all documents[153] which were prepared by anyone in which the incident[154] was discussed or referred to in any way. [This Request contemplates the production of any documents[155] which will reflect any discussion of the incident[156], i.e., log book entries, journal book entries, pre-shift safety meeting reports, weekly safety meeting reports, monthly safety meeting reports, etc. which record the general nature of any such discussion.]

**REQUEST FOR PRODUCTION NO. 25:**

A blank copy of your[157] "JSA," or "JHA" worksheet as it existed in August of 2021. ["JSA" in the context of this Request means – job safety analysis and "JHA" --in the context of this Request means job hazard analysis.]

**REQUEST FOR PRODUCTION NO. 26:**

All Job Safety Analyses [the term job safety analysis and job hazard analysis means the same thing in the context of this Request] prepared, revised, or reviewed in the forty-eight (48) before, and the forty-eight (48) hours after, the incident[158] and by any person(s) involved in the work then and there in progress on the day of, at the time of, and at the place of, the incident[159].

**REQUEST FOR PRODUCTION NO. 27:**

Any and all, and each and every, written job safety analysis which you[160] have reason to believe, was either prepared, revised, or reviewed by Yury Remedio, or anyone working aboard the *NOBLE GLOBETROTTER II* thirty (30) days before, and thirty (30) days after, the August 28, 2021 accident claimed by Yury Remedio. [The term job safety analysis and job hazard analysis means the same thing in the context of this Request.]

---

[153]  Please see Definitions, Part "E".

[154]   Please see Definitions, Part "A".

[155]  Please see Definitions, Part "E".

[156]   Please see Definitions, Part "A".

[157]  Please see Definitions, Part "D".

[158]  Please see Definitions, Part "A".

[159]  Please see Definitions, Part "A".

[160]  Please see Definitions, Part "D".

**REQUEST FOR PRODUCTION NO. 28:**

Any and all and each and every analysis prepared by you[161], your company[162], your[163] employees, your[164] agents, or by any third party whether at your company's[165] request or at the request of a third party concerning the incident[166], including, but not limited to:

- any and all root cause analyses;

- any and all safety improvement analyses;

- any and all human factors causes analyses; and,

- any and all hazard solution analyses.

**REQUEST FOR PRODUCTION NO. 29:**

All documents[167] reflecting the agenda of any meeting held by Noble Drilling (U.S.), LLC and/or Noble Drilling Services, Inc.'s Management in the ninety (90) day period after the August 28, 2021 accident claimed by Yury Remedio in this action, as well as any meeting held by Noble Drilling (U.S.), LLC and/or Noble Drilling Services, Inc.'s Management at any time after the August 28, 2021 accident claimed by Yury Remedio in this action in which the incident[168] was discussed, or referred to, in any way.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all documents[169] listed or described by you[170] in your[171] Answer to Plaintiff's Interrogatory No. 6, if not already included in your[172] response to this, Plaintiff's First Request for Production of Documents.

---

[161] Please see Definitions, Part "D".

[162] Please see Definitions, Part "D".

[163] Please see Definitions, Part "D".

[164] Please see Definitions, Part "D".

[165] Please see Definitions, Part "D".

[166] Please see Definitions, Part "A".

[167] Please see Definitions, Part "E".

[168] Please see Definitions, Part "A".

[169] Please see Definitions, Part "E".

[170] Please see Definitions, Part "D".

[171] Please see Definitions, Part "D".

[172] Please see Definitions, Part "D".

**REQUEST FOR PRODUCTION NO. 31:**

Any and all documents[173] listed or described by you[174] in your[175] Answer to Plaintiff's Interrogatory No. 9, if not already included in your[176] response to this, Plaintiff's First Request for Production of Documents.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all documents[177] listed or described by you[178] in your[179] Answer to Plaintiff's Interrogatory No. 15 above, if not already included in your[180] response to this, Plaintiff's First Request for Production of Documents.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all documents[181] listed or described by you[182] in your[183] Answer to Plaintiff's Interrogatory No. 24 above, if not already included in your[184] response to this, Plaintiff's First Request for Production of Documents.

**REQUEST FOR PRODUCTION NO. 34:**

All OSHA Form 300 (REV 01/2004), OSHA Form 300A (REV 01/2004), and OSHA Form 301's prepared by your company[185] for the period between January 1, 2007 through the date of your[186] Response to this Request.

---

[173] Please see Definitions, Part "E".

[174] Please see Definitions, Part "D".

[175] Please see Definitions, Part "D".

[176] Please see Definitions, Part "D".

[177] Please see Definitions, Part "E".

[178] Please see Definitions, Part "D".

[179] Please see Definitions, Part "D".

[180] Please see Definitions, Part "D".

[181] Please see Definitions, Part "E".

[182] Please see Definitions, Part "D".

[183] Please see Definitions, Part "D".

[184] Please see Definitions, Part "D".

[185] Please see Definitions, Part "D".

[186] Please see Definitions, Part "D".

**REQUEST FOR PRODUCTION NO. 35:**

The USCG Certificate of Documentation and Certificate of Inspection for the *NOBLE GLOBETROTTER II.*

**REQUEST FOR PRODUCTION NO. 36:**

Any and all documents[187] concerning the ownership, title, mortgage, lease or charter of the *NOBLE GLOBETROTTER II* in force and effect on August 28, 2021.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all documents[188] which may be reviewed, and/or relied upon by any expert you[189] will call or may call during the presentation of your[190] defense, whether or not said documents[191] were provided by you[192], or anyone acting for you[193], or on your[194] behalf, or obtained by said expert from a third party.


**REQUEST FOR INSPECTION**

Plaintiff hereby request that Defendants produce and make available for inspection the *NOBLE GLOBETROTTER II*, pursuant to Article 1461 of Louisiana Code of Civil Procedure for the purpose of appraising, inspection and measuring, surveying, photographing, testing and sampling on a date, time and place as may be mutually agreed upon by all counsel, and to serve a response to this request upon all counsel for Plaintiff within thirty (30) days after service hereof.

---

[187]  Please see Definitions, Part "E".

[188]  Please see Definitions, Part "E".

[189]  Please see Definitions, Part "D".

[190]  Please see Definitions, Part "D".

[191]  Please see Definitions, Part "E".

[192]  Please see Definitions, Part "D".

[193]  Please see Definitions, Part "D".

[194]  Please see Definitions, Part "D".

LAWRENCE N. CURTIS, LTD.
(A Professional Law Corporation)
300 Rue Beauregard, Bldg. C
Post Office Box 80247
Lafayette, Louisiana 70598-0247
Telephone: (337) 235-1825
Facsimile: (337) 237-0241
E-Mail: denise@larrycurtis.com

BY: _____
       LAWRENCE N. CURTIS (4678)

**PLEASE SERVE:**

Noble Drilling (U.S.), LLC
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana.

Noble Drilling Services, Inc.
through its statutory agent
for service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Drilling Holding, LLC
through its statutory agent
for service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Leasing II (Switzerland) GmbH
through the provisions of the Hague Convention.

Shell Oil Company
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana

Shell Offshore, Inc.
through its registered agent
 for service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana

Lafayette Parish
Filed Oct 07, 2021 3:07 PM  **C-20214699**
Simone Vaughan  **A**
Deputy Clerk of Court

# KEAN|MILLER LLP

Taylor Ashworth, Associate
PHONE: 337.422.3670
Taylor.Ashworth@keanmiller.com

October 7, 2021

**VIA HAND DELIVERY**

Honorable Louis J. Perret
Lafayette Parish Clerk of Court
P.O. Box 2009
Lafayette, LA 70502

> RE: Yury Remedio
> v. Noble Drilling US LLC, et al
> No.:20214699-A; 15th JDC, Parish of Lafayette, State of Louisiana
> Our File No. 031141-000001

Dear Mr. Perret:

Enclosed herewith, please find the original and one copy of the Notice of Filing Notice of Removal which we are requesting to be filed in connection with the above-referenced matter. Upon filing the original into the records of the Court, kindly stamp the copy with the date and time of filing, and return same to me for the completion of our file.

Also, enclosed is our Firm check in the amount of $70.00 to cover the filing and service fees associated with this request. In keeping with our Firm's billing practices, please forward a receipt reflecting payment of the associated costs to this office for our records.

T 337.235.2232 | F 888.781.0162
600 Jefferson Street, Suite 1101 | Lafayette, LA 70501
P.O. Drawer 2698 | Lafayette, LA 70502
keanmiller.com

**STAMPED COPY GIVEN**

Honorable Louis J. Perret
October 7, 2021
Page 2

Your professional courtesies extended herein are greatly appreciated

Very truly yours,

KEAN MILLER LLP

Taylor Ashworth

Taylor Ashworth

TA:jcm/4834-1033-1902

Enclosures

cc:     Mr. Lawrence N. Curtis (denise@larrycurtis.com)
        Mr. Thomas P. Diaz/Mr. Alexander J. Baynham/ Ms. Vanessa W. Anseman
        (tpdiaz@liskow.com) (ajbaynham@liskow.com) (vanseman@liskow.com)
        Mr. Robert M. Kallam (FIRM)
        Mr. Sean McLaughlin (FIRM)
        Mr. Brad Schlotterer (FIRM)

Lafayette Parish
Filed Oct 07, 2021 3:07 PM
Simone Vaughan
Deputy Clerk of Court
C-20214699
A

### 15th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE
### STATE OF LOUISIANA

No. C-20214699                                      Division "A"

### YURY REMEDIO

### VERSUS

### NOBLE DRILLING (U.S.), LLC, NOBLE DRILLING SERVICES, INC.,
### NOBLE DRILLING HOLDING, LLC, NOBLE LEASING II (SWITZERLAND)
### GmbH, SHELL OIL COMPANY, and SHELL OFFSHORE, INC.
Filed:_____
                                    DEPUTY CLERK

### NOTICE OF FILING NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Noble

Drilling (U.S.), LLC ("Noble Drilling"), who hereby provides notice to this Court that

this matter has been removed to the United States District Court for the Western District

of Louisiana, Lafayette Division, pursuant to 28 U.S.C. § 1441. A copy of the federal

court Notice of Removal is attached hereto as Exhibit "A." This Court is respectfully

requested to proceed no further in this action unless and until such time as the action may

be remanded by order of the United States District Court.

Respectfully submitted:

KEAN MILLER LLP

ROBERT M. KALLAM (#20242)
TAYLOR ASHWORTH (#39404)
600 Jefferson Street, Suite 1101
Lafayette, Louisiana 70501
Telephone: (337) 235-2232

BRADLEY J. SCHLOTTERER (#24211)
SEAN T. McLAUGHLIN (#31870)
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050
ATTORNEYS FOR NOBLE DRILLING (U.S.), LLC

This 7th day of October, 2021

1

Exhibit "A" - Page 77

Lafayette Parish
Filed Oct 07, 2021 3:07 PM   C-20214699
Simone Vaughan            A
Deputy Clerk of Court

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served via U.S. Mail properly addressed and postage prepaid on all counsel of record on this 7th day of October, 2021.

_Taylor Ashworth_
**TAYLOR ASHWORTH**

2

Case 6:21-cv-03527 Document 1 Filed 10/07/21 Page 1 of 11 PageID #: 1

Lafayette Parish
Filed Oct 07, 2021 3:07 PM    C-20214699
Simone Vaughan              A
Deputy Clerk of Court

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

YURY REMEDIO                          CIVIL ACTION

versus                                NO.: 6:21-cv-03527

NOBLE DRILLING (U.S.), LLC            DISTRICT JUDGE
ET AL                                 _____

                                      MAGISTRATE JUDGE
                                      _____

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Noble Drilling (U.S.), LLC ("Noble Drilling") who removes the action entitled *"Yury Remedio versus Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH, Shell Oil Company, and Shell Offshore, Inc."* Docket No. C20214699A, from the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, to the United States District Court for the Western District of Louisiana, Lafayette Division, pursuant to 43 U.S.C. §1349 and 28 U.S.C.§§ 1331, 1332, 1333 and 1441, *et seq.*, as well as the additional grounds discussed in this Notice of Removal. In support hereof, Noble Drilling avers as follows:



EXHIBIT
A

Case 6:21-cv-03527   Document 1   Filed 10/07/21   Page 2 of 11 PageID #:  2

## PLAINTIFF'S CLAIMS

1.

On or about September 10, 2021, the above-entitled action was commenced in the 15th Judicial District Court, Parish of Lafayette State of Louisiana.  Attached as Exhibit "A" is a complete copy of all pleadings currently filed in the 15th Judicial District Court for the Parish of Lafayette.

2.

In Plaintiff's Petition, Plaintiff alleges as follows:

- "That, at all times mentioned herein, the *GLOBETROTTER II* was working in the Gulf of Mexico, off the Louisiana coast...."  Petition, at Paragraph 13.
- "On August 28, 2021, Remedio was aboard the *GLOBETROTTER II* in the Gulf of Mexico."  Petition, at Paragraph 13.
- "The *GLOBETROTTER II* is a drillship, 620 feet in length, 105 feet in breadth, and 62 feet in depth..."  Petition, at Paragraph 11.
- "...Remedio was an offshore technician working in the Gulf of Mexico, off the Louisiana coast aboard the *GLOBETROTTER II*."  Petition, at Paragraph 4.
- "...this action is brought under 33 U.S.C. 905(b) of the LHWCA as modified by the General Maritime Law of the United States...."  Petition, at Paragraph 1.

3.

Plaintiff's Petition does not allege that he is a Jones Act seaman.

Case 6:21-cv-03527   Document 1   Filed 10/07/21   Page 3 of 11 PageID #:  3

**GROUNDS FOR REMOVAL**

**I.      Jurisdiction Under 43 U.S.C. § 1349 (OCSLA)**

4.

At all relevant times, the *GLOBETROTTER II* was under contract to provide services in or around Mississippi Canyon block 809 ("MC 809"). MC 809 is located on the Outer Continental Shelf approximately 140 miles south-southeast of New Orleans. The services performed by the *GLOBETROTTER II* involve the exploration, development, and/or production of the minerals of the subsoil and seabed of the Outer Continental Shelf. "But for" those operations on the Outer Continental Shelf, Plaintiff's alleged claims (which are denied) would not have arisen.

5.

For the reasons set forth above, this Court has jurisdiction over this action because District Courts of the United States have original jurisdiction over cases and controversies arising out of or in connection with any operation conducted on the Outer Continental Shelf.

6.

This Court therefore has original subject matter jurisdiction under 43 U.S.C. § 1349(b).

**II.     Alternatively, Jurisdiction Under 28 U.S.C. § 1331 (Federal Question)**

7.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted may arise under federal statutes, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*

Case 6:21-cv-03527   Document 1   Filed 10/07/21   Page 4 of 11 PageID #:  4

**III.   Alternatively, Jurisdiction Under 28 U.S.C. § 1332 (Diversity)**

8.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity exists between the Plaintiff and all Defendants.

9.

Plaintiff, Yury Remedio, is alleged to be a citizen of the State of Louisiana. Petition, at Paragraph 3.

10.

Defendant, Noble Drilling (U.S.) LLC is a limited liability company and its sole member is Noble Drilling Services LLC. Noble Drilling Services LLC was formerly known as Noble Drilling Services, Inc.

11.

Defendant, Noble Drilling Services LLC f/k/a Noble Drilling Services Inc. is a limited liability company and its sole member is NDSI Holding Limited. NDSI Holding Limited is an exempted company incorporated in the Cayman Islands with limited liability. NDSI Holding Limited's sole member is Noble Holding (U.S.) LLC. Noble Holding (U.S.) LLC's sole member is Noble Corporation Holding LLC. Noble Corporation Holding LLC's sole member is Noble Corporation Holdings Ltd.  Noble Corporation Holdings Ltd. is an exempted company incorporated in the Cayman Islands with limited liability limited by shares. Noble Corporation Holdings Ltd.'s sole member is Noble Eagle LLC. Noble Eagle LLC's sole member is Noble NEC Holdings Limited, which is incorporated in England and Wales as a private company limited by

shares. Noble NEC Holdings Limited's sole member is Noble 2018-IV Guarantor LLC. Noble 2018-IV Guarantor LLC's sole member is Noble Finance Company. Noble Finance Company is a Cayman Islands exempted company limited by shares. Noble Finance Company's sole member is Noble Corporation. Noble Corporation is incorporated in the Cayman Islands and has its principal place of business in Texas. Accordingly, Noble Drilling Services LLC f/k/a Noble Drilling Services, Inc. and Noble Drilling (U.S.) LLC are not citizens of Louisiana.

12.

Defendant, Noble Drilling Holding LLC is a limited liability company and its sole member is Noble Cayman Limited. Noble Cayman Limited's sole member is Noble Boudreaux Limited. Noble Boudreaux Limited is a Cayman Islands LLC and its sole member is Noble Drilling Services 6 LLC. Noble Drilling Services 6 LLC's sole member is Noble 2018-III Guarantor LLC. Noble 2018-III Guarantor LLC's sole member is Noble Holding International Limited. Noble Holding International Limited is a Cayman Islands exempted company limited by shares and its sole member is Noble SCS Cayman LP. Noble SCS Cayman LP is a Cayman Island partnership, and its partners include Noble Drilling Services 2 LLC as the general partner and Noble Drilling Services LLC (see Paragraph 12) as the limited partner. Noble Drilling Services 2 LLC's sole member is Noble Holdings (U.S.) LLC (see Paragraph 10 & 11). Accordingly, Noble Drilling Holding LLC is not a citizen of Louisiana.

13.

Named Defendant, Noble Leasing II (Switzerland) GmbH, was misnamed and may now be referred to as Paragon Offshore Leasing (Switzerland) and is possibly defunct. This entity has not been properly served, and alternatively, has been improperly joined. A such, its citizenship is

not considered when determining citizenship of the parties for purposes of removal. *Texas Brine Co., LLC v. American Arbitration Assoc, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020). Regardless, neither the entity Noble Leasing II (Switzerland) GmbH nor Paragon Offshore Leasing (Switzerland) are a citizen of the State of Louisiana.

14.

Defendant, Shell Oil Company, is a Delaware corporation with a principle place of business in the State of Texas. It is not a citizen of the State of Louisiana.

15.

Defendant, Shell Offshore Inc. is a Delaware corporation with a principle place of business in the State of Texas. It is not a citizen of the State of Louisiana.

16.

Plaintiff is a citizen of Louisiana. No properly joined and served Defendants are citizens of Louisiana. Thus, complete diversity is present. This Court therefore has original subject matter jurisdiction under 28 U.S.C. § 1332.

**IV.    Alternatively, Jurisdiction Under 28 U.S.C. 1333 (Admiralty)**

17.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1333. Plaintiff has alleged claims under 33 U.S.C. 905(b) of the LHWCA as modified by the General Maritime Law of the United States related to his alleged presence aboard a vessel located on navigable waters.

## REMOVAL PROCEDURE

18.

This matter is removable under 28 U.S.C. § 1441, in that it is a civil action over which the United States District Court for the Western District of Louisiana has original subject matter jurisdiction under 43 U.S.C. § 1349 and/or 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1333.

**I.     The Savings to Suitors Clause.**

19.

As set forth above, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349 (OCSLA).  And alternatively, this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and/or 28 U.S.C. § 1332 (diversity).

20.

The "savings to suitors clause" does not guarantee Plaintiff a nonfederal forum or limit the right of defendants to remove such action to federal court where there exists some basis for federal jurisdiction other than admiralty.  *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013); *Tennessee Gas Pipe v. Houston Cas. Ins. Co.*, 87 F.3d 150, 152-153 (5th Cir. 1996).

21.

Instead, removal of allegedly maritime cases is permissible as long as there is an independent basis for federal jurisdiction like OCSLA.  Further, "federal courts retain their original federal question jurisdiction under OCSLA even where maritime law eventually provides the substantive rule of decision." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013); *Morris v. T.E. Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003).

22.

Here, there is an independent basis for federal jurisdiction besides admiralty, including, but not limited to, 43 U.S.C. § 1349 (OCSLA), 28 U.S.C. § 1331 (federal question), and/or 28 U.S.C. § 1332 (diversity). Accordingly, the "savings to suitors clause" contained in 28 U.S.C. § 1333 does not prevent removal of this action.

**II.     Venue and Timeliness.**

23.

Venue is proper in this court pursuant to 28 U.S.C. § 1446(a) because Lafayette Parish, from which the state court action has been removed, belongs to and/or forms part of this District and the Lafayette Division.

24.

Defendant, Noble Drilling (U.S.) LLC, was served on September 22, 2021, with a copy of the Petition for Damages and a Citation issued by the 15th Judicial District Court for the Parish of Lafayette. See Exhibit "A," at Page 31.

25.

Noble Drilling has filed this Notice of Removal within thirty (30) days of it being served on September 22, 2021. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

Case 6:21-cv-03527   Document 1   Filed 10/07/21   Page 9 of 11 PageID #:  9

III.     **Consent to Removal.**

26.

Under 28 U.S.C. 1446(b)(2)(A), in certain removals "all defendants who have been properly joined and served must join in or consent to the removal of the action."

27.

Named Defendants to this matter, Noble Drilling Services LLC f/k/a Noble Drilling Services, Inc. and Noble Drilling Holding LLC were allegedly served on or about September 22, 2021, and consent to this removal as evidenced by their signed Written Consent to Removal, which is attached hereto as Exhibit "B."

28.

Named Defendants to this matter, Shell Oil Company and Shell Offshore Inc., were allegedly served on or about September 22, 2021, and consent to this removal as evidenced by their signed Written Consent to Removal, which is attached hereto as Exhibit "C".

29.

Named Defendant to this matter, Noble Leasing II (Switzerland) GmbH, is a defunct entity that has not been served and/or was improperly joined.  As such, all defendants who have been properly joined and served join in or consent to the removal of this action.

**IV.    Other Matters.**

30.

In accordance with the provisions of 28 U.S.C. §1446(a), Noble Drilling attaches as <u>Exhibit</u> <u>"A"</u> to this Notice of Removal, a true and correct copy of all process, pleadings, and Orders filed in the action entitled *"Yury Remedio versus Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH, Shell Oil Company, and Shell Offshore, Inc.* Docket No. C20214699A, 15th Judicial District Court for the Parish of Lafayette, State of Louisiana.

31.

Written notice of the filing of this Notice of Removal will be given to Plaintiff, as required by the provisions of 28 U.S.C. § 1446(d).

32.

A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, as required by the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, Noble Drilling (U.S.) LLC hereby removes this action to the United States District Court for the Western District of Louisiana.

Respectfully submitted:

**KEAN MILLER LLP**

___/s/ Robert Kallam_____
**ROBERT M. KALLAM (#20242)**
**TAYLOR ASHWORTH (#39404)**
600 Jefferson Street, Suite 1101
Lafayette, Louisiana 70501
Telephone: (337) 235-2232

**BRADLEY J. SCHLOTTERER (#24211)**
**SEAN T. McLAUGHLIN (#31870)**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050
ATTORNEYS FOR NOBLE DRILLING (U.S.), LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 7th day of October 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

_____/s/ Robert Kallam_____
**ROBERT KALLAM**