UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| YURY REMEDIO | CIVIL ACTION |
| versus | NO.: 6:21-cv-03527 |
| NOBLE DRILLING (U.S.), LLC ET AL | DISTRICT JUDGE ROBERT R. SUMMERHAYS |
| | MAGISTRATE JUDGE CAROL B. WHITEHURST |

### ANSWER TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Defendants, Noble Drilling (U.S.), LLC, Noble Drilling Services LLC f/k/a Noble Drilling Services Inc., and Noble Drilling Holding LLC (sometimes referred to collectively "Noble Drilling"), who file this Answer to Plaintiff's Complaint by averring as follows:

**I.   ANSWER TO PLAINTIFF'S COMPLAINT.**

In answering the individual paragraphs contained in Plaintiff's Complaint, Noble Drilling avers as follows:

1.

The allegations contained in Paragraph 1 of the Complaint contain legal conclusions and no response is required. To the extent a response is deemed necessary, the allegations are denied.

2.

The allegations contained in Paragraph 2 of the Complaint contain legal conclusions and no response is required. To the extent a response is deemed necessary, the allegations are denied.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

5.

Noble Drilling (U.S.) LLC is licensed to and does business in the State of Louisiana. All other allegations contained in Paragraph 5 of the Complaint are denied.

6.

The allegations contained in Paragraph 6 of the Complaint are denied.

7.

The allegations contained in Paragraph 7 of the Complaint are denied.

8.

The allegations contained in Paragraph 8 of the Complaint are denied.

9.

The allegations contained in Paragraph 9 of the Complaint are denied as written.

10.

The allegations contained in Paragraph 10 of the Complaint are denied as written.

11.

The allegations contained in Paragraph 11 of the Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Complaint are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied.

14.

The allegations contained in Paragraph 14 of the Complaint are denied.

15.

The allegations contained in Paragraph 16 of the Complaint, including its subparagraphs (a) through (h), are denied.

17.

The allegations contained in Paragraph 17 of the Complaint are denied.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in Paragraph 19 of the Complaint contain conclusions of law and no response is required. To the extent a response is deemed required, the allegations are denied.

20.

The allegations contained in unnumbered Paragraph 20 of the Complaint, commonly referred to as the prayer for relief, are denied.

21.

Any allegations contained in the Complaint not specifically responded to above are specifically denied.

**II.     AFFIRMATIVE DEFENSES TO THE COMPLAINT.**

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Noble Drilling pleads Act of God or *force majeure* as a complete defense to all claims and causes of action set forth in the Complaint.

**THIRD DEFENSE**

Alternatively, Noble Drilling avers that Plaintiff's accident, if any, was caused by his own fault, neglect, and inattention to duties, and accordingly, pleads the doctrine of contributory/comparative negligence as a bar/diminution of recovery.

**FOURTH DEFENSE**

Alternatively, Noble Drilling avers that Plaintiff's injuries, if any, were the result of usual and normal risks and hazards of his occupation, and, as such were assumed by him.

**FIFTH DEFENSE**

Alternatively, Noble Drilling avers that Plaintiff's accident, if any, was caused or contributed to by the neglect or fault of others for whom Defendant is not legally responsible.

**SIXTH DEFENSE**

Alternatively, Defendant avers that Plaintiff has failed to properly mitigate his damages, if any, as required by law.

**SEVENTH DEFENSE**

Plaintiff's present and/or prospective medical, physical and mental condition(s) are not the result of any incident or incidents as described in Plaintiff's Complaint, but rather pre-existed or occurred prior to or subsequent to the alleged accident, and/or have no causal connection to the alleged accident.

**EIGHTH DEFENSE**

Alternatively, Plaintiff's alleged damages, if any, were caused or occasioned by intervening and/or superseding causes for which Defendant is not legally responsible.

**NINETH DEFENSE**

Alternatively, Noble Drilling avers that its liability, if any, which it specifically denies, is purely passive and/or technical and the liability of others is actual and/or active, thus entitling Noble Drilling to full indemnification from those others who were negligent and/or otherwise at fault.

**TENTH DEFENSE**

Alternatively, if Noble Drilling was negligent, which is at all times denied, then that negligence or fault should be reduced by other parties and/or non-parties' negligence or fault, and all damages against Noble Drilling should be reduced accordingly.

**ELEVENTH DEFENSE**

Alternatively, Noble Drilling is entitled to a set off and/or credit for all payments made to or on behalf of Plaintiff by any source, collateral or otherwise.

**TWELVETH DEFENSE**

Alternatively, Noble Drilling avers that subsequent to his alleged accident Plaintiff reached maximum medical cure and was capable of returning to work.

**THIRTEENTH DEFENSE**

Alternatively, Plaintiff's claims are barred and/or limited by the provisions of the Longshore and Harbor Workers' Compensation Act and/or the Louisiana State Workers' Compensation Act and/or the Texas Workers Compensation Act and/or any other applicable workers' compensation scheme, including, but not limited to, the "borrowed employer" and/or "statutory employer" defenses.

**FOURTEENTH DEFENSE**

Alternatively, Plaintiff has failed to follow medical advice and this failure is the cause of any of his alleged medical conditions.

**FIFTEENTH DEFENSE**

Alternatively, Defendant avers that the alleged accident of Plaintiff, which is at all times denied, was caused or occasioned by hazards that were "Open and Obvious" to a reasonable person under similar circumstances such that any recovery by him is barred as a matter of law.

**SIXTEENTH DEFENSE**

Alternatively, Plaintiff's claims are barred or limited by *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981).

**SEVENTEENTH DEFENSE**

Alternatively, to the extent Plaintiff is entitled to any damages, which is specifically denied, recovery of any medical expenses is foreclosed and/or limited to the amount paid by *Deperrodil v. Bozovic Marine, Inc.*, 842 F. 3d 352 (5th Cir. 2016).

**EIGHTEENTH DEFENSE**

Alternatively, and only if the facts and evidence support it, Noble Drilling avers that it is entitled to limitation and/or exoneration of liability in accordance with the provisions of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*  Noble Drilling specifically reserves any and all rights it may have to file a separate limitation proceeding, and its pleading of this defense is not a waiver of that right.

## **NINETEENTH DEFENSE**

Plaintiffs' claim for punitive damages is barred by the law and facts and also by the United States Constitution, including, but not limited to, the Due Process clause.

## **TWENTIETH DEFENSE**

Noble Drilling specifically reserves the right to supplement, amend and/or modify its answer and defenses to conform to such facts as may be revealed during discovery or otherwise.

**III.**     **PRAYER FOR RELIEF.**

**WHEREFORE,** Defendants, Noble Drilling (U.S.), LLC, Noble Drilling Services LLC f/k/a Noble Drilling Services Inc., and Noble Drilling Holding LLC, hereby prays that their Answer to Plaintiff's Complaint be deemed good and sufficient, and after due delays and proceedings had, there be a judgment entered in Noble Drilling (U.S.), LLC, Noble Drilling Services LLC f/k/a Noble Drilling Services Inc., and Noble Drilling Holding LLC's favor, dismissing Plaintiff's Complaint at Plaintiff's costs, and for all other relief that Noble Drilling (U.S.), LLC, Noble Drilling Services LLC f/k/a Noble Drilling Services Inc., and Noble Drilling Holding LLC may be entitled to whether under law or equity.

Respectfully submitted:

**KEAN MILLER LLP**


**TIMOTHY WAYNE STRICKLAND (TX #19396298),**
*pro hac to be applied for*
**STACEY TYREE NORSTRUD (TX #24025363)**
*pro hac to be applied for*
711 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000


**ROBERT M. KALLAM (TX #24034175; LA #20242)**
**TAYLOR ASHWORTH (LA #39404)**
600 Jefferson Street, Suite 1101
Lafayette, Louisiana 70501
Telephone: (337) 235-2232

/s/ Sean T. McLaughlin
**BRADLEY J. SCHLOTTERER (LA #24211)**
**SEAN T. McLAUGHLIN (LA #31870)**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050

ATTORNEYS FOR NOBLE DRILLING (U.S.), LLC, NOBLE DRILLING SERVICES LLC F/K/A NOBLE DRILLING SERVICES INC., AND NOBLE DRILLING HOLDING LLC

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this the 1st day of November 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

/s/ Sean T. McLaughlin
**SEAN T. McLAUGHLIN**